Robert L. Weigel (RW 0163)
Howard S. Hogan (HH 7995)
Jennifer C. Halter (JH 7032)
Anne M. Coyle (AC 3158)

GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Plaintiffs Tiffany (NJ) LLC
and Tiffany and Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

TIFFANY (NJ) LLC and TIFFANY AND COMPANY :

               Plaintiffs,          :

      -against-           :

BRUCE FORBSE, CHEN JIA WEN, GIMI WOOTEN, :
HU XIN XING, ALYARICA LTD, TIFFANY :
JEWELRIES INC., TIFFANY-GIFTS INC., UNITED :
MERCHANTS, LTD, and WEB SALE MERCHANTS :
LLP, all d/b/a TIFFANY-COLLECTIONS.COM, :
TIFFANY-GIFTS.COM, TIFFANY-JEWELRIES.US, :
TIFFANYINSIDESALES.COM, UK-TIFFANY- :
GIFTS.COM, BEST10BRANDS.COM, and :
TRUSTED-SELLER.EU; ABC COMPANIES; and :
JOHN DOES, :

             Defendants.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

2011 Civ. _____

**COMPLAINT**

Plaintiffs Tiffany (NJ) LLC and Tiffany and Company (collectively, "Plaintiffs" or

"Tiffany"), by their attorneys, Gibson, Dunn & Crutcher, LLP, for their complaint against

Defendants Bruce Forbse, Chen Jia Wen, Gimi Wooten, Hu Xin Xing, Alyarica Ltd, Tiffany

Jewelries Inc., Tiffany-Gifts, Inc., United Merchants, Ltd, and Web Sale Merchants LLP, all

d/b/a Tiffany-Collections.com, Tiffany-Gifts.com,[1] Tiffany-Jewelries.us,

TiffanyInsideSales.com, UK-Tiffany-Gifts.com, Best10Brands.com, and Trusted-Seller.eu; ABC

Companies; and John Does (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.     Consumers instantly recognize the various federally registered and common law

trademarks used to identify the high quality goods merchandised or manufactured by Tiffany

(collectively, the "Tiffany Marks").  For nearly two centuries, the famous, arbitrary and fanciful

Tiffany Marks have received enormous exposure in the marketplace.  Over the years, millions of

consumers have been exposed to the Tiffany Marks through extensive advertising campaigns, in

mainstream and fashion magazines and other periodicals, as depicted on television and in motion

pictures, on the internet, and in other forms of unsolicited media coverage.  As a result, the

Tiffany Marks are among the most widely-recognized trademarks in the United States and

around the world, as well as among the most popular with consumers, which adds enormous

value to the authentic products that bear the Tiffany Marks (the "Tiffany Products").

2.     Defendants, who have no affiliation with Tiffany, have attempted to capitalize on

the popularity of the Tiffany Marks.  Defendants manufacture and market counterfeit versions of

Tiffany's Products (the "Counterfeit Products") in an effort to confuse consumers into believing

that they are buying versions of the Tiffany Products or to otherwise compete directly with the

Tiffany Products.

---

[1]   Any word placed in front of Tiffany-Gifts.com, followed by a period, leads to the same
Tiffany-Gifts.com website.  Accordingly, Plaintiffs seek relief against Tiffany-Gifts.com and
any domain name incorporating the prefix "___." to Tiffany-Gifts.com.

3. To ensure that consumers make the association between Defendants' Counterfeit Products and the Tiffany Products from which they were copied, Defendants not only copy the designs, patterns and color schemes associated with the Tiffany Products, but also expressly identify the Counterfeit Products as "Tiffany" products and make unauthorized use of the trademark TIFFANY name in several of their websites' domain names and throughout each of the websites.

4. Defendants have manufactured and sold their Counterfeit Products without Tiffany's permission, authorization, or approval. Defendants' conduct is likely to cause, and has caused, consumers mistakenly to believe that the Counterfeit Products sold and promoted by Defendants either are authentic Tiffany Products, are produced by Defendants under a license agreement, joint venture or other form of authorization by Tiffany, or are otherwise endorsed by or affiliated with Tiffany, either at the point of sale, by the recipient of a gift, or when consumers and potential consumers see the Counterfeit Products in use.

5. For these and other reasons, Defendants have caused, and unless enjoined, will continue to cause, irreparable harm to Tiffany and an incalculable loss of goodwill and damages.

## PARTIES

6. Tiffany (NJ) LLC is a limited liability company organized in Delaware with its principal place of business at 15 Sylvan Way, Parsippany, New Jersey 07054. Tiffany (NJ) LLC is the proprietor of the trademarks at issue in this action.

7. Tiffany and Company is a New York corporation with its principal place of business at 727 Fifth Avenue, New York, New York 10022. Tiffany and Company, doing business as Tiffany & Co., is the exclusive licensee and user of the trademarks at issue in this action.

8.      Upon information and belief, Defendant Bruce Forbse has a business address of Kimonos, 43A, P.C., Limassol, NA, 3095, Cyprus, a telephone number of 1.8665996470, and e-mail address of sime.jane.brunton@gmail.com.  Upon information and belief, Defendant Bruce Forbse, also has a home and/or business address of Suite 81, 77 Beak Street, London W1F 9DB, Great Britain, and a telephone number of 1.8665996470.  Upon information and belief, Bruce Forbse is doing business as Tiffany-Collections.com, Tiffany-Gifts.com, Tiffany-Jewelries.us, TiffanyInsideSales.com, UK-Tiffany-Gifts.com, Best10Brands.com, Trusted-Seller.eu, Alyarica Ltd, Tiffany Jewelries Inc., Tiffany-Gifts Inc., United Merchants, Ltd, and Web Sale Merchants LLP.

9.      Upon information and belief, Defendant Chen Jia Wen has a home and/or business address in FoShan City, China.  Upon information and belief, Chen Jia Wen is doing business as Tiffany-Collections.com, Tiffany-Gifts.com, Tiffany-Jewelries.us, TiffanyInsideSales.com, UK-Tiffany-Gifts.com, Best10Brands.com, Trusted-Seller.eu, Alyarica Ltd, Tiffany Jewelries Inc., Tiffany-Gifts Inc., United Merchants, Ltd, and Web Sale Merchants LLP.

10.     Upon information and belief, Defendant Gimi Wooten has a home and/or business address in Shanghai, China, a telephone number of 1.5921129797, and e-mail address of Gimi.wooten@googlemail.com.  Upon information and belief, Gimi Wooten is doing business as Tiffany-Collections.com, Tiffany-Gifts.com, Tiffany-Jewelries.us, TiffanyInsideSales.com, UK-Tiffany-Gifts.com, Best10Brands.com, Trusted-Seller.eu, Alyarica Ltd, Tiffany Jewelries Inc., Tiffany-Gifts Inc., United Merchants, Ltd, and Web Sale Merchants LLP.

11.     Upon information and belief, Defendant Hu Xin Xing is a resident of China doing business as Tiffany-Collections.com, Tiffany-Gifts.com, Tiffany-Jewelries.us,

TiffanyInsideSales.com, UK-Tiffany-Gifts.com, Best10Brands.com, Trusted-Seller.eu, Alyarica Ltd, Tiffany Jewelries Inc., Tiffany-Gifts Inc., United Merchants, Ltd, and Web Sale Merchants LLP.

12.     Upon information and belief, Defendant Tiffany Jewelries Inc. has a business address in Zurich, Switzerland, a telephone number of 63458882634, and e-mail address of tiffany-jewelries@aol.com.  Upon information and belief, Tiffany Jewelries Inc. is doing business as Tiffany-Collections.com, Tiffany-Gifts.com, Tiffany-Jewelries.us, TiffanyInsideSales.com, UK-Tiffany-Gifts.com, Best10Brands.com, Trusted-Seller.eu, Alyarica Ltd, Tiffany-Gifts Inc., United Merchants, Ltd, and Web Sale Merchants LLP.

13.     Upon information and belief, Tiffany-Gifts Inc. has a business address of Sankt Annae Plads 122-221, Copenhagen, Copenhagen dk K1150, a telephone number of 458.833.8210, and e-mail address of tiffany-gifts@icq.com.  Upon information and belief, Tiffany-Gifts Inc. is doing business as Tiffany-Collections.com, Tiffany-Gifts.com, Tiffany-Jewelries.us, TiffanyInsideSales.com, UK-Tiffany-Gifts.com, Best10Brands.com, Trusted-Seller.eu, Alyarica Ltd, Tiffany Jewelries Inc., United Merchants, Ltd, and Web Sale Merchants LLP.

14.     Upon information and belief, Alyarica Ltd has a business address of Kimonos, 43A, P.C., Limassol, NA, 3095, Cyprus, a telephone number of 1.888.318.0062, and e-mail address of support@alyarica.com.  Upon information and belief, Alyarica Ltd is also doing business as Tiffany-Collections.com, Tiffany-Gifts.com, Tiffany-Jewelries.us, TiffanyInsideSales.com, UK-Tiffany-Gifts.com, Best10Brands.com, Trusted-Seller.eu, Tiffany Jewelries Inc., Tiffany-Gifts Inc., United Merchants, Ltd, and Web Sale Merchants LLP.

15.     Upon information and belief, United Merchants LTD has a business address of Ventspils, Celtnieku iela 3-81, Latvia.  Upon information and belief, United Merchants LTD is also doing business as Tiffany-Collections.com, Tiffany-Gifts.com, Tiffany-Jewelries.us, TiffanyInsideSales.com, UK-Tiffany-Gifts.com, Best10Brands.com, Trusted-Seller.eu, Alyarica Ltd, Tiffany Jewelries Inc., Tiffany-Gifts Inc., and Web Sale Merchants LLP.

16.     Upon information and belief, Web Sale Merchants LLP has a business address of Suite 81, 77 Beak Street, London W1F 9DB, UK London, UK W1F 9DB, GB, a telephone number of 1.866.599.6470, and e-mail address of sime.jane.brunton@gmail.com.  Upon information and belief, Web Sale Merchants LLP is doing business as Tiffany-Collections.com, Tiffany-Gifts.com, Tiffany-Jewelries.us, TiffanyInsideSales.com, UK-Tiffany-Gifts.com, Best10Brands.com, Trusted-Seller.eu, Alyarica Ltd, Tiffany Jewelries Inc., Tiffany-Gifts Inc., and United Merchants, Ltd.

17.     Upon information and belief, ABC Companies are companies engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products, but whose identity and number are not presently known.

18.     Upon information and belief, John Does are individuals who are consciously engaged in directing, controlling, ratifying, or otherwise participating in the manufacture, distribution, sale, and advertisement of Counterfeit Products, or who consciously and directly benefit financially from the manufacture, distribution, sale, and advertisement of Counterfeit Products, but whose identity and numbers are presently unknown.

19.     Upon information and belief, Defendants are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the Uniform Resource Locators ("URLs") www.Tiffany-Jewelries.us, www.Tiffany-Gifts.com, www.Tiffany-

Collections.com, www.TiffanyInsideSales.com, www.UK-Tiffany-Gifts.com,

www.Best10Brands.com, and www.Trusted-Seller.eu.


## JURISDICTION AND VENUE

20.     This is an action arising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et

seq.* (the "Lanham Act") and under the laws of the State of New York.

21.     This Court has jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331,

1338(a) and 1338(b).  This Court has supplemental jurisdiction over all other claims asserted

herein under 28 U.S.C. § 1367(a).

22.     Personal jurisdiction is proper over all Defendants pursuant to New York

C.P.L.R. § 302(a) because the unlawful conduct complained of herein has caused, and continues

to cause, injury to Plaintiffs within this District, including damages to the business of Tiffany &

Co., a New York corporation with its principal place of business at 727 Fifth Avenue, New York,

New York 10022; upon information and belief, Defendants regularly conduct, solicit or transact

business in this District; upon information and belief, Defendants have solicited consumers in

this District; upon information and belief, Defendants have entered into agreements with

consumers and businesses within this District; Defendants have offered to sell Counterfeit

Products to consumers within this District; Defendants have shipped the Counterfeit Products

into the State of New York; Defendants derive substantial revenue in interstate and/or

international commerce; and Defendants regularly and systematically direct electronic activity

into the State of New York through their fully interactive websites www.Tiffany-Jewelries.us,

www.Tiffany-Gifts.com, www.Tiffany-Collections.com, www.TiffanyInsideSales.com,

www.UK-Tiffany-Gifts.com, Best10Brands.com, and Trusted-Seller.eu, with the manifest intent of engaging in business within this District.

23.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims arose in this District.

**TIFFANY'S BUSINESS AND MARKS**

24.     Tiffany Products are enormously popular with the general public.  For over 170 years, Tiffany has achieved great renown as a purveyor of luxury goods, including items such as jewelry, watches, sterling silver goods (other than jewelry), personal accessories, fragrances, stationery and home items.

25.     Tiffany (NJ) LLC is the owner of the right, title and interest in and to, *inter alia*, the following trademarks, for which Tiffany and Company, doing business as Tiffany & Co., is the exclusive licensee:

| Mark | Reg./Serial No. | Date of Registration |
|---|---|---|
| T & CO | 1,699,365 | 12/24/1991 |
| TIFFANY & CO | 0,023,573 | 7/29/1893 |
| TIFFANY & CO. | 1,228,189 <br> 1,283,306 <br> 1,968, 614 | 2/22/1983 <br> 6/26/1984 <br> 4/16/1996 |
| TIFFANY | 0,133,063 <br> 2,639,539 | 7/6/1920 <br> 10/22/2002 |
| TIFFANY | 1, 228, 409 | 2/22/1983 |

| TIFFANY BLUE | 2,359,351 | 6/20/2000 |
|---|---|---|
|  | | |
| TIFFANY BLUE BOX | 2,184,128 | 8/25/1998 |
|  | | |
| TIFFANY BLUE SHOPPING BAG | 2,416,795 | 1/2/2001 |
|  | | |

26.     Annexed hereto as Exhibit 1 are true and correct copies of the United States Patent and Trademark Office ("PTO") registration certificates evidencing Tiffany's ownership of these trademarks and printouts from the PTO's website setting forth the status of the Tiffany Marks.  All of the registrations set forth in Exhibit 1 are valid, subsisting, unrevoked, and uncancelled.  Additionally, all of these trademarks are incontestable.  Tiffany also owns common law rights in the above and other trademarks for use in connection with the Tiffany Products.

27.     The Tiffany Marks are in full force and effect.  Tiffany has never abandoned the Tiffany Marks, nor has Tiffany ever abandoned the goodwill of its businesses in connection with the Tiffany Marks.  Tiffany intends to continue to preserve and maintain its rights with respect to the Tiffany Marks.

28.     The Tiffany Marks are among the most widely-recognized trademarks in the world.  Tiffany has spent hundreds of millions of dollars to extensively advertise and promote its brand, the Tiffany Products and the Tiffany Marks throughout the world, with advertising campaigns that include full-page advertisements in widely-distributed fashion and news publications, and Tiffany has enjoyed billions of dollars in sales.  In the past decade alone, Tiffany's sales of goods bearing, or marketed under, the TIFFANY trademark name in the United States have exceeded $12.6 billion in retail.  During that same period, Tiffany has spent in excess of $750 million in advertising and promoting its products in the United States, including the State of New York.

29.     Consumers are exposed to Tiffany and the Tiffany Marks not only through advertisements, but in newspapers, television programs, motion pictures and virtually all instrumentalities of popular culture.  As a result, the Tiffany Marks have become famous and highly valuable trademarks, possessing strong secondary meaning among consumers.

30.     The Tiffany Marks are uniquely valuable among consumer trademarks because they receive a consistent level of exposure to consumers, far beyond what most jewelry manufacturers or licensors can achieve to promote their products.  As a result, the Tiffany Marks have come to symbolize the enormous goodwill of Tiffany's business through the United States and the world.  No other manufacturer lawfully uses the Tiffany Marks or any other substantially similar marks for similar types of goods.

31.    Consumers, potential consumers, and other members of the public and industry associate the Tiffany Products with exceptional materials, gems, style and workmanship. On information and belief, many consumers purchase Tiffany Products because of Tiffany's reputation for quality and the goodwill associated with the Tiffany Marks. Tiffany's reputation is a direct result of its extensive advertising and promotion, and concomitant widespread sales, the skill and care utilized in the manufacture of Tiffany Products, the uniform high quality of such products sold under, or in connection with, the Tiffany Marks, and the public acceptance thereof.

32.    To maintain the quality and integrity associated with the Tiffany Products, Tiffany controls and limits the distribution of goods authorized to bear the Tiffany Marks. All merchandise marketed under the TIFFANY name is inspected by Tiffany quality control personnel before being released directly through channels of trade that have been approved by Tiffany, including sales on the internet through Tiffany's official website, Tiffany catalogues, and Tiffany's retail stores. Tiffany does not use liquidators, does not sell overstock merchandise and does not run "sales" on Tiffany Products. Tiffany's tightly controlled distribution network, along with its careful selection of materials, assures adherence to the highest quality standards for the manufacture and dissemination of Tiffany Products.

33.    Tiffany has created invaluable goodwill throughout the United States and elsewhere by selling products of dependable quality. Based on the extensive sales of Tiffany Products and their wide popularity, the Tiffany Marks have developed a secondary meaning and significance in the minds of the purchasing public, and the purchasing public immediately identifies the services and products utilizing and/or bearing such trademarks with Tiffany.

## THE COUNTERFEIT PRODUCTS

34.     Defendants, without authorization or license from Tiffany, have willfully and intentionally used, reproduced and/or copied the Tiffany Marks in connection with their manufacturing, distributing, exporting, importing, advertising, marketing, selling and/or offering to sell their Counterfeit Products.  Defendants have shipped at least certain of the Counterfeit Products into the State of New York.

35.     Defendants' websites claim that all of their merchandise are "100% guaranteed authentic."  However, the products offered for sale by Defendants are not authentic Tiffany Products.  Tiffany did not manufacture, inspect, or package the Counterfeit Products, and did not approve the Counterfeit Products for sale and/or distribution.  Tiffany has examined samples of the Counterfeit Products and determined them to be counterfeit.

36.     For example, shown below on the left is an image of an authentic Tiffany 1837™ cuff in sterling silver.  The authentic Tiffany Product displayed below bears Tiffany's federally registered T & CO. trademark.  *See* Ex. 1. (U.S. Reg. No. 1,699,365).  Shown on the right is an image of a Counterfeit Product, a replica offered for sale by Defendants through the Tiffany-Jewelries.us website and described by Defendants as an "1837 cuff."  The Counterfeit Product has ornamentation, design and labeling that are intended to appear like the ornamentation, design and labeling on the authentic product.  The Counterfeit Product bears an exact copy of Tiffany's federally registered T & CO. trademark.  *See id.*

 

**AUTHENTIC**        **DEFENDANTS' REPLICA**

37.     Similarly, shown below on the left is an image of an authentic Return to Tiffany™ heart tag toggle bracelet in sterling silver. The authentic product displayed below bears Tiffany's federally registered TIFFANY & CO. trademark. *See* Ex. 1 (U.S. Reg. No. 1,228,189; 1,283,306; 1,968,614). On the right is an image of a Counterfeit Product, a replica offered for sale by Defendants through their website Tiffany-Gifts.com and described as a "Heart tag charm Toggle bracelet." The Counterfeit Product has ornamentation, design and labeling that are intended to appear like the ornamentation, design and labeling on the authentic product. Moreover, the Counterfeit Product bears an exact copy of Tiffany's federally registered TIFFANY & CO. trademark on the toggle clasp and on the heart tag. *See id.*

 

**AUTHENTIC**        **DEFENDANTS' REPLICA**

38.     Further, shown on the left below is an image of an authentic Tiffany 1837™ Lock Pendant in sterling silver. The authentic product displayed below bears Tiffany's federally

registered T & CO. trademark.  *See* Ex. 1. (U.S. Reg. No. 1,699,365).  On the right is an image

of a Counterfeit Product, a replica offered for sale by Defendants through their website Tiffany-

Collections.com and described by Defendants as an "1837 Lock pendant."  The Counterfeit

Product has ornamentation, design and labeling that are intended to appear like the

ornamentation, design and labeling on the authentic product.  In fact, the Defendants' photograph

of the Counterfeit Product appears to be a copy of the photograph of the authentic Tiffany

Product from the Tiffany website.  Moreover, the Counterfeit Product bears an exact copy of

Tiffany's federally registered T & CO. trademark.  *See id.*



**AUTHENTIC**        **DEFENDANTS' REPLICA**

39.     All of Defendants' Counterfeit Products follow this pattern—each copies the

ornamentation, design and labeling of an authentic Tiffany Product and most bear exact copies of

one or more of the Tiffany Marks.

40.     Even though Defendants' Counterfeit Products are of inferior quality, they appear

superficially similar, and in some cases superficially identical, to genuine Tiffany Products.  The

design of the Counterfeit Products and the display of the Tiffany Marks on and in connection

with the Counterfeit Products communicates to consumers—and may confuse consumers into

believing—that the Counterfeit Products were manufactured, licensed, approved or sponsored by, or otherwise affiliated with, Tiffany.

41.     Defendants have offered these Counterfeit Products for sale without permission, authority or license from Tiffany and, upon information and belief, such actions were taken in bad faith, with full knowledge of Tiffany's ownership of and/or exclusive rights to use and license the Tiffany Marks.  At all relevant times and in furtherance of their infringing activities, Defendants have willfully and intentionally used and continue to use the Tiffany Marks on their Counterfeit Products.

42.     The result of Defendants' manufacturing, advertisement, distribution, and sale of Counterfeit Products will be to deceive and mislead consumers into believing that Defendants' products or activities are authorized or sponsored by Tiffany or to cause mistakes or to deceive either at the point of sale or when consumers, or potential consumers, see the Counterfeit Products in use.

43.     For example, Defendants attempt to visually mimic the design of the Tiffany website, by using similar font in the "Tiffany Jewelry" heading, a similar layout, and a background color similar to Tiffany Blue.  Set forth below are true and accurate screenshots comparing the layout of the Tiffany website with the layout of the Defendants' websites.

**TIFFANY WEBSITE**



**DEFENDANTS' WEBSITE:  TIFFANY-JEWELRIES.US**



**DEFENDANTS' WEBSITE:  TIFFANY-COLLECTIONS.COM**



**DEFENDANTS' WEBSITE:  TIFFANY-GIFTS.COM**



**DEFENDANTS' WEBSITE: UK-TIFFANY-GIFTS.COM**



# TIFFANY WEBSITE



# DEFENDANTS' WEBSITE:  TIFFANYINSIDESALES.COM



44.     Furthermore, Defendants make liberal use of the Tiffany Marks on their websites to make an explicit connection between their Counterfeit Products and genuine Tiffany Products. For example, set forth below is a true and accurate screenshot from Tiffany-Jewelries.us, in which Defendants describe some of their products as "Tiffany" jewelry.



45.     Along with the "deal price," Defendants also advertise an inaccurate "retail price" for the Counterfeit Products—suggesting that Tiffany Products sell at those retail prices, and further, that Tiffany Products may be discounted below that price—thus devaluing the quality, worth, and goodwill of Tiffany Products.

46.     Tiffany examined an item sold by Defendants to Tiffany's investigator through Defendants' website, www.Tiffany-Jewelries.us. This item was described by Defendants as

"TFA09 Heart tag key ring," and inscribed with the "Tiffany & Co." trademark. Tiffany's inspection revealed not only that the items purchased from Defendants were counterfeit, but also that the items were not "sterling silver," as Defendants' website, www.Tiffany-Jewelries.us, claimed. Tiffany's laboratory analysis showed that each of the items consisted primarily of a white metal composed of no more than 5.12% silver. By contrast, authentic sterling silver Tiffany Products are made of 92.5% silver.

47.     Consumers have purchased items from Tiffany-Jewelries.us, Tiffany-Gifts.com, Tiffany-Collections.com, TiffanyInsideSales.com, and UK-Tiffany-Gifts.com that Defendants misleadingly described as "sterling silver" "Tiffany" products. On information and belief, an unknowable number of these consumers believed these items to be sterling silver, as advertised by Defendants. Those individuals who received the Counterfeit Products as gifts may have believed them to be authentic Tiffany Products and incorrectly associated the inferior quality with Tiffany or its products.

48.     Defendants offer hundreds of "Tiffany" Counterfeit Products directly to consumers through their websites, Tiffany-Jewelries.us, Tiffany-Gifts.com, Tiffany-Collections.com, TiffanyInsideSales.com, and UK-Tiffany-Gifts.com.

49.     On information and belief, Defendants have infringed at least 8 Tiffany Marks by selling, offering to sell and/or distributing at least 10 different types of goods bearing counterfeits of the Tiffany Marks, including, but not limited to: (1) bracelets; (2) necklaces; (3) earrings; (4) rings; (5) watches; (6) charms; (7) key rings; (8) money clips; (9) cuff links; and (10) jewelry sets.

50.     In addition to their unlawful sale of Counterfeit Products, Defendants have also infringed upon the Tiffany Marks by making use of the TIFFANY trademark in the domain

name of their websites www.Tiffany-Jewelries.us, www.Tiffany-Gifts.com, www.Tiffany-Collections.com, www.TiffanyInsideSales.com, and www.UK-Tiffany-Gifts.com.  Defendants' unauthorized use of the TIFFANY trademark in connection with the sale of Counterfeit Products purposefully designed to replicate genuine Tiffany Products and/or bearing exact copies of the Tiffany Marks further contributes to the likelihood that consumers and potential consumers will be misled into believing that Defendants' websites and Counterfeit Products are somehow authorized or sponsored by Tiffany.

51.     On information and belief, Defendants have made use of the services of at least the following banks, savings and loan associations, credit card companies, credit card processing agencies, or other financial institutions or agencies that engage in the transfer of real property in order to carry out, facilitate, complete, or ratify the unlawful transactions complained of herein, or used such entities to hold, transfer, transmit, relay, maintain, or invest profits from the unlawful activities described herein:  MasterCard and Visa.

52.     On information and belief, Defendants have made use of the services of at least the following website hosts, domain registrars, domain name owners, internet service providers, and internet protocol supporters to carry out, facilitate, complete, or ratify the unlawful transactions complained of herein:  (1) GoDaddy.com; (2) Web Commerce Communications Limited; (3) Directi Internet Solutions Pvt. Ltd; and (4) Internet.bs.Corp.

53.     The purchase made by Tiffany's investigator from Defendants' website www.Tiffany-Jewelries.us was processed by United Merchants LTD/www.trusted-seller.eu.  The Trusted-Seller.eu website does not contain any information suggesting that Trusted Seller functions as a third party payment platform or provides e-commerce services to merchants.

Rather, the site offers for sale headphones, electric hair irons and DVDs. The site states: "Please Pay Your Attention that We Sell Replica Goods."

54. The attempted purchase from Defendants' website www.Tiffany-Gifts.com was processed through Web Sale Merchants LLP/www.Best10Brands.com. The Best10Brands.com website does not contain any information suggesting that Best10Brands.com functions as a third party payment platform or provides e-commerce services to merchants. Rather, the site offers for sale electric hair irons, "Chloe" handbags, and "Ed Hardy" clothing.

55. On information and belief, Defendants' websites www.Tiffany-Jewelries.us, www.Tiffany-Gifts.com, www.Tiffany-Collections.com, www.TiffanyInsideSales.com, and www.UK-Tiffany-Gifts.com use the websites Trusted-Seller.eu and www.Best10Brands.com to process credit card transactions for the sale of Counterfeit Products in order to hide the illicit nature of their business from credit card companies who would otherwise refuse to provide credit card processing services.

## FIRST CAUSE OF ACTION

(Trademark Infringement Under Section 32
of the Lanham Act, 15 U.S.C. § 1114(1)(a))

56. Tiffany repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

57. The Tiffany Marks and the goodwill of the businesses associated with them in the United States and throughout the world are of great and significant value, are highly distinctive and arbitrary, and have become universally associated in the public mind with products and services of the very highest quality and reputation.

58. Defendants' actions described above have caused and are likely to cause confusion and mistake and deceive potential customers and the general purchasing public as to

the source, origin, or sponsorship of their Counterfeit Products, and are likely to deceive the public into believing that the Counterfeit Products sold by Defendants originate from, are associated with, or are otherwise authorized by Tiffany, all to the damage and detriment of Tiffany's reputation, goodwill and sales.

59.     Defendants' unauthorized use of the Tiffany Marks constitutes trademark infringement of Tiffany's federally-registered trademarks, the full extent of which is presently unknown but is substantial.  This has caused damage to Tiffany and the substantial business and goodwill symbolized by the Tiffany Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

60.     Defendants' actions described above, including the unauthorized use of the Tiffany Marks in interstate commerce, have caused, and unless restrained, will continue to cause, great and irreparable injury to Tiffany, to the Tiffany Marks, and to the business and goodwill represented thereby, leaving Tiffany with no adequate remedy at law.

### SECOND CAUSE OF ACTION

(Trademark Counterfeiting Under Sections 32, 34 and 35,
of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d), & 1117(b)-(c))

61.     Tiffany repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

62.     Without Tiffany's authorization or consent, and having knowledge of Tiffany's well-known and prior rights in the Tiffany Marks, Defendants have distributed, advertised, offered for sale and/or sold their Counterfeit Products to the consuming public in direct competition with Tiffany, in or affecting interstate commerce.

63.     Defendants' Counterfeit Products reproduce, counterfeit, copy, and colorably imitate the Tiffany Marks or display spurious designations that are identical with, or substantially

indistinguishable from, the Tiffany Marks. Defendants have applied their reproductions, counterfeits, copies, and colorable imitations to labels and advertisements intended to be used in commerce upon or in connection with the sale, distribution, or advertising of Defendants' Counterfeit Products, which is likely to cause confusion, or to cause mistake, or to deceive.

64. Defendants' unauthorized use of the Tiffany Marks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Tiffany. Defendants' actions constitute willful counterfeiting of the Tiffany Marks in violation of 15 U.S.C. §§ 1114, 1116(d), and 1117(b)-(c).

65. As a direct and proximate result of Defendants' conduct, Tiffany has suffered damage to its valuable trademarks and other damages in an amount to be proved at trial.

66. Tiffany does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of Counterfeit Products unless this Court enjoins Defendants from such fraudulent business practices.

### THIRD CAUSE OF ACTION
(False Designation of Origin Under Section 43(a)
of the Lanham Act, 15 U.S.C. § 1125(a))

67. Tiffany repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

68. As a result of Tiffany's experience, care, and service in producing and providing genuine Tiffany Products, these products have become widely known and have acquired a worldwide reputation for excellence. Moreover, the Tiffany Marks have become associated with Tiffany Products, and have come to symbolize the reputation for quality and excellence associated with Tiffany and authentic products produced by it. As such, the Tiffany Marks have attained secondary meaning. The Tiffany Marks are also inherently distinctive.

69.     Defendants' use of the Tiffany Marks on or in connection with the Counterfeit Products, as alleged above, is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of the Counterfeit Products, and is likely to cause such people to believe in error that the Counterfeit Products have been authorized, sponsored, approved, endorsed, or licensed by Tiffany, or that Defendants are in some way affiliated with Tiffany.

70.     Defendants' actions, including but not limited to their unauthorized use in commerce of the Tiffany Marks, constitute false designation of origin, false and misleading descriptions of fact, and false and misleading representations of fact, which have caused, and are likely to cause, confusion, mistake and deception, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

71.     Defendants' actions as described above, including their unauthorized, false, and misleading use in commerce of the Tiffany Marks on Counterfeit Products and other uses of Plaintiffs' Marks in interstate commerce, have caused, and unless restrained, will continue to cause, great and irreparable injury to Tiffany, and to the business and goodwill represented by the Tiffany Marks in an amount that cannot presently be ascertained, leaving Tiffany with no adequate remedy at law.

### FOURTH CAUSE OF ACTION

(Trademark Dilution Under the Federal Trademark
Dilution Act, 15 U.S.C. § 1125(c))

72.     Tiffany repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

73.     The Tiffany Marks are famous within the meaning of the Trademark Dilution Revision Act of 2006.  Among other things:  (1) the Tiffany Marks have a high degree of

inherent distinctiveness; (2) the Tiffany Marks have been used continuously for decades throughout the United States to promote many goods and services; (3) Tiffany and its authorized licensees have advertised and publicized the Tiffany Marks continuously for decades throughout the United States; (4) Tiffany has used its trademarks in a trading area of broad geographical scope encompassing all of the states and territories of the United States; (5) the Tiffany Marks are among the preeminent marks in the luxury goods market; (6) the Tiffany Marks have an extremely high degree of recognition among consumers; (7) there are no trademarks similar to the Tiffany Marks; and (8) many of the Tiffany Marks are the subject of valid and subsisting registrations under the Lanham Act on the Principal Register.

74. Because Tiffany Products have gained a reputation for superior quality and excellence, the Tiffany Marks have gained substantial renown and reputation.

75. Defendants' use of the Tiffany Marks is likely to cause blurring to and of the Tiffany Marks and impair their distinctiveness. Consumers are likely to associate Defendants' uses of the Tiffany Marks with the Tiffany Marks themselves because of the similarity between Defendants' use of the Tiffany Marks and the Tiffany Marks themselves. In particular, the following factors make dilution by blurring likely: (1) Defendants are making use of the Tiffany Marks themselves; (2) the Tiffany Marks have acquired tremendous distinctiveness through Tiffany's continuous promotion and uses of the Tiffany Marks; (3) the Tiffany Marks have become famous and achieved a high level of recognition among the consuming public; (4) Tiffany's commercial use of the Tiffany Marks is substantially exclusive to Tiffany and its agents and licensees; (5) on information and belief, Defendants intend to create an association between Defendants' uses of the Tiffany Marks and the Tiffany Marks themselves; and (6) on

information and belief, many consumers actually find Defendants' uses of the Tiffany Marks confusingly similar to, and therefore associate them with, the Tiffany Marks themselves.

76. Defendants' conduct as alleged above is also likely to cause tarnishment among the Tiffany Marks that harms the reputation of the Tiffany Marks because of the similarity between Defendants' uses of the Tiffany Marks and the Tiffany Marks themselves. In particular, the Counterfeit Products sold, offered for sale, and/or distributed by Defendants display the Tiffany Marks in a manner that is confusingly similar to Tiffany Products and therefore mislead consumers into believing that Tiffany Products are of low quality.

77. Defendants' conduct described above dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Tiffany Marks, and has caused actual dilution and has detracted from the distinctiveness of the famous Tiffany Marks with consequent damage to Tiffany, and to the substantial business and goodwill symbolized by the Tiffany Marks, in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

78. Defendants' acts of trademark dilution have caused and, unless restrained, will continue to cause, great and irreparable injury to Tiffany, to the Tiffany Marks, and to the substantial business and goodwill represented thereby, in an amount that cannot be presently ascertained, leaving Tiffany with no adequate remedy at law.

79. Defendants' conduct has been undertaken with a willful intent to trade on the reputation of Tiffany and to cause dilution of the famous Tiffany Marks, and this conduct entitles Tiffany to an accounting and disgorgement of Defendants' illicit profits, damages and the other remedies available pursuant to 15 U.S.C. § 1125(c)(2).

## FIFTH CAUSE OF ACTION

### (Trademark Infringement Under New York Law)

80.     Tiffany repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

81.     Defendants' acts as described above constitute trademark infringement under New York common and/or statutory law.  N.Y. Gen. Bus. Law §§ 360-k, 360-o.

## SIXTH CAUSE OF ACTION

### (Trademark Dilution Under New York Law)

82.     Tiffany repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

83.     Defendants' acts as described above dilute and detract from the distinctiveness of the famous Tiffany Marks, resulting in damage to Tiffany and the substantial business and goodwill symbolized by the Tiffany Marks in violation of New York's Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-l.

## SEVENTH CAUSE OF ACTION

### (Unfair Competition Under New York Law)

84.     Tiffany repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

85.     Defendants' acts as described above constitute unfair competition under New York State common law, as preserved by N.Y. Gen. Bus. Law § 360-o.

## EIGHTH CAUSE OF ACTION

### (Deceptive Acts and Practices Under New York Statutory Law)

86.     Tiffany repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

87.     Defendants' acts as described above constitute deceptive acts and practices and false advertising in violation of N.Y. Gen. Bus. Law §§ 349-350.

## NINTH CAUSE OF ACTION

(Trademark Cyberpiracy)

88.     Tiffany repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

89.     Defendants registered and are using the domain names www.Tiffany-Jewelries.us, www.Tiffany-Gifts.com, www.Tiffany-Collections.com, www.TiffanyInsideSales.com, and www.UK-Tiffany-Gifts.com with bad faith intent to profit from the use of the trademark TIFFANY name, which was both famous and distinctive at the time that the Defendants' domain names were registered.

90.     Defendants' registration and use of domain names incorporating the trademark TIFFANY name are likely to cause consumers mistakenly to believe that Defendants' websites are approved of, sponsored by, or otherwise affiliated with Tiffany.  Defendants' registration and use of domain names incorporating the trademark TIFFANY name are likely to detract from the distinctiveness of that famous mark.  By engaging in the activities described above, Defendants are engaging in cyberpiracy in connection with services distributed in interstate commerce in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

91.     Defendants' acts of cyberpiracy have caused and are causing great and irreparable injury to Plaintiffs and the trademark TIFFANY name, and the business and goodwill represented thereby, in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiffs no adequate remedy at law.

92. By reason of the foregoing, Plaintiffs are entitled to injunctive relief against Defendants, restraining further acts of cyberpiracy, and the damages provided for in 15 U.S.C. § 1117(d).

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Immediately and permanently enjoin Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them from:

    (a)    manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or otherwise offering for sale Counterfeit Products or any other products produced by Tiffany or confusingly similar to Tiffany Products, or that otherwise bear, contain, display, or utilize any of the Tiffany Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Tiffany Marks;

    (b)    moving, returning, or otherwise disposing of, in any manner, any Counterfeit Products or any other products confusingly similar to Tiffany Products, or that otherwise bear, contain, display, or utilize any of the Tiffany Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Tiffany Marks;

    (c)    making or employing any other commercial use of the Tiffany Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Tiffany Marks;

(d)        using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Tiffany; and

(e)        doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered, or sponsored by Defendants come from Tiffany or its licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Tiffany;

(f)        further diluting and infringing all Tiffany Marks and damaging Tiffany's goodwill;

(g)        using or transferring ownership of the domain names www.Tiffany-Jewelries.us, www.Tiffany-Gifts.com and additional websites with domain names _____.Tiffany-Gifts.com, www.Tiffany-Collections.com, www.TiffanyInsideSales.com, www.UK-Tiffany-Gifts.com, www.Trusted-Seller.eu, and www.Best10Brands.com, or registering, using or transferring any other domain name or website making unauthorized use of any of the Tiffany Marks;

(h)        otherwise competing unfairly with Tiffany or any of its authorized licensees in any manner;

(i) transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants, as set forth further herein;

(j) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of all unauthorized products which infringe the Tiffany Marks; and

(k) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (j), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (j).

2. Direct Defendants to account to Tiffany for their profits and order that Tiffany recover Defendants' illicit profits and damages arising out of the acts of deception and infringement described above, and a sum equal to three times such profits or damages (whichever is greater), pursuant to 15 U.S.C. § 1117(a) and (b);

3.      Award Tiffany statutory damages of $160 million representing $2 million per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c);

4.      Award Tiffany statutory damages of $500,000 for Defendants' willful cyberpiracy pursuant to 15 U.S.C. 1117 § (d);

5.      Award Tiffany punitive damages pursuant to New York State common law (as preserved by N.Y. Gen. Bus. Law § 360-o) on account of Defendants' gross, wanton, willful, and malicious conduct;

6.      Direct Defendants to recall and remove from all stores, shops, markets, outlets, catalogues, websites, or other channels of commerce any Counterfeit Products or any other products confusingly similar to Tiffany Products, or that otherwise bear, contain, display, or utilize any of the Tiffany Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Tiffany Marks, that are in Defendants' possession or control and all means of making the same;

7.      Direct Defendants to deliver up for destruction all Counterfeit Products or any other products confusingly similar to Tiffany Products, or that otherwise bear, contain, display or utilize any of the Tiffany Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Tiffany Marks, that are in Defendants' possession or control and all means of making the same, in accordance with 15 U.S.C. § 1118;

8.      Direct Defendants to deliver up for destruction any and all guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession or control of Defendants bearing any of the

Tiffany Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Tiffany Marks, in accordance with 15 U.S.C. § 1118;

9.     Direct Defendants to supply Tiffany with a complete list of entities from whom they purchased and to whom they distributed and/or sold Counterfeit Products or any other products confusingly similar to Tiffany Products, or that otherwise bear, contain, display or utilize any of the Tiffany Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Tiffany Marks, and to provide the manner through which the Counterfeit Products or other products were paid, including any bank accounts to, through, or from which funds were wired;

10.     Direct Defendants to file with the Court and serve on counsel for Tiffany within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Defendants have complied with any injunction which the Court may enter in this action;

11.     Award Tiffany reasonable attorneys' fees along with the costs and disbursements incurred herein as a result of Defendants' intentional and willful infringement, pursuant to 15 U.S.C. § 1117 and N.Y. Gen. Bus. Law § 349(h);

12.     Order that Defendants are prohibited from registering any other domain names incorporating, in whole or in part, any word or mark identical or similar to the name TIFFANY or otherwise making use of the Tiffany Marks;

13.     Order that Defendants transfer registration of the following domain names to Tiffany:  www.Tiffany-Jewelries.us, www.Tiffany-Gifts.com, www.Tiffany-Collections.com, www.TiffanyInsideSales.com, and www.UK-Tiffany-Gifts.com.

14.     Order that any of Defendants' assets that are held by or within the control of entities that are subject to the jurisdiction of this Court, be restrained and frozen pending the outcome of this action so that Tiffany's right to an accounting and disgorgement of the Defendants' illicit profits and damages set forth in this Complaint is not later rendered meaningless; and

15.     Award Tiffany such other and further relief as the Court deems just and proper.


Dated: New York, New York
July 14, 2011

GIBSON, DUNN & CRUTCHER LLP

By: _____
        Robert L. Weigel (RW 0163)
        Howard S. Hogan (HH 7995)
        Jennifer C. Halter (JH 7032)
        Anne M. Coyle (AC 3158)

200 Park Avenue, 49th Floor
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Plaintiffs Tiffany (NJ) LLC
and Tiffany and Company*

# EXHIBIT 1

## United States Patent and Trademark Office

Reg. No. 1,669,365

Registered Dec. 24, 1991

## TRADEMARK
### PRINCIPAL REGISTER

## T & CO.

TIFFANY AND COMPANY (NEW YORK COR-
PORATION)
727 FIFTH AVENUE
NEW YORK, NY 10022

FOR: ALL TYPES OF JEWELRY MADE OF,
OR IN PART OF, PRECIOUS METALS AND/OR
WITH PRECIOUS OR SEMI-PRECIOUS
STONES, IN CLASS 14 (U.S. CL. 28).

FIRST USE 0-0-1979; IN COMMERCE
0-0-1979.
OWNER OF U.S. REG. NO. 261,711.
NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "CO.", APART FROM THE
MARK AS SHOWN.

SER. NO. 74-104,857, FILED 10-11-1990.

VIVIAN MICZNIK, EXAMINING ATTORNEY

## TRADEMARK
### Principal Register

## TIFFANY

Tiffany & Company (New York corporation)
727 5th Ave.
New York, N.Y. 10022

For: DECORATIVE ART OBJECTS MADE IN WHOLE OR IN PART OF PRECIOUS OR SEMI-PRECIOUS METALS—NAMELY, FIGURINES, BOXES, BOWLS, TRAYS, AND FLOWERS, JEWELRY, SEMI-PRECIOUS STONES, AND NATURAL AND CULTURED PEARLS, in CLASS 14 (U.S. Cl. 28).

First use 1868; in commerce 1868.

Owner of U.S. Reg. Nos. 132,262, 133,063 and 139,646.

Ser. No. 304,915, filed Apr. 9, 1981.

DAVID E. BUCHER, Examining Attorney

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

United States Patent and Trademark Office

Reg. No. 2,639,539
Registered Oct. 22, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## TIFFANY

TIFFANY (NJ) INC. (NEW JERSEY CORPORA-
TION)
15 SYLVAN WAY
PARSIPPANY, NJ 07054

FOR: WATCHES AND CLOCKS, IN CLASS 14 (U.S.
CLS. 2, 27, 28 AND 50).

FIRST USE 0-0-1868; IN COMMERCE 0-0-1868.

OWNER OF U.S. REG. NOS. 23,573, 1,968,614 AND
OTHERS.

SER. NO. 76-388,031, FILED 3-25-2002.

PATRICIA JUDD, EXAMINING ATTORNEY

Int. Cls.: 8 and 14

Prior U.S. Cls.: 2, 8, 23, 28 and 37

United States Patent and Trademark Office

Reg. No. 1,228,189
Registered Feb. 22, 1983

## TRADEMARK
### Principal Register

# TIFFANY & CO.

Tiffany & Company (New York corporation)
727 5th Ave.
New York, N.Y. 10022

For: BOTTLE OPENERS MADE IN WHOLE OR IN PART OF PRECIOUS OR SEMI-PRECIOUS METALS, in CLASS 8 (U.S. Cl. 23).

First use 1908; in commerce 1908.

For: DECORATIVE ART OBJECTS MADE IN WHOLE OR IN PART OF PRECIOUS OR SEMI-PRECIOUS METALS—NAMELY, FIGURINES, BOXES, BOWLS, TRAYS, AND FLOWERS, JEWELRY, METAL WARES MADE IN WHOLE OR IN PART OF PRECIOUS OR SEMI-PRECIOUS METALS—NAMELY, BUSINESS CARD CASES, CANDELABRAS, CANDLESTICKS, CIGAR AND CIGARETTE BOXES, NAPKIN RINGS, AND BOOKMARKS, SEMI-PRECIOUS STONES, NATURAL AND CULTURED PEARLS, in CLASS 14 (U.S. Cls. 2, 8, 28 and 37).

First use 1968; in commerce 1968.

Owner of U.S. Reg. No. 58,872.

Ser. No. 304,929, filed Apr. 9, 1981.

DAVID E. BUCHER, Examining Attorney

## TRADEMARK
### Principal Register

## TIFFANY & CO.

Tiffany and Company (New York corporation)
727 Fifth Ave.
New York, N.Y. 10022

For: DESK ACCESSORIES—NAMELY, CALENDAR AND PHOTOGRAPH FRAMES; BAR ACCESSORIES—NAMELY, COASTERS, TUMBLERS, PITCHERS, AND CORKSCREWS; CLOTHING ACCESSORIES—NAMELY, MONEY CLIPS, CUFFLINKS, KEY HOLDERS, COLLAR CLIPS, COLLAR PINS, COLLAR STAYS, TIE BARS; TIE TACKS; TIE SLIDES; BELT BUCKLES, AND STUDS; BABY GIFTS—NAMELY, MILK CUPS, PORRINGERS AND RATTLES; SEWING NEEDLES; SEWING SPOOLS; SEWING THIMBLES; PERFUME FLASKS; TOOTHPICKS; BARRETTES; DECORATIVE MAGNETS; PILL BOXES; PIN BOXES; AND STYMIE MARKERS; ALL MADE OF OR PLATED WITH PRECIOUS OR SEMI-PRECIOUS METALS, in CLASS 14 (U.S. Cl. 28).

First use 1867; in commerce 1867.

Owner of U.S. Reg. Nos. 1,217,065, 1,251,356 and others.

Ser. No. 416,496, filed Mar. 9, 1983.

JANIS MALTZ, Examiner

Reg. No. 1,968,614
Registered Apr. 16, 1996

## TRADEMARK
### PRINCIPAL REGISTER

# TIFFANY & CO.

TIFFANY AND COMPANY (NEW YORK COR-
PORATION)
727 FIFTH AVENUE
NEW YORK, NY 10022

FOR: ALL TYPES OF TIMEPIECES, IN-
CLUDING ESPECIALLY WATCHES AND
CLOCKS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND
50).

FIRST USE 0-0-1895; IN COMMERCE
0-0-1895.
NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "& CO." , APART FROM THE
MARK AS SHOWN.

SER. NO. 74-688,573, FILED 6-14-1995.

K. MARGARET LE, EXAMINING ATTORNEY



RENEWED

SEP 5 1943

RENEWED

# UNITED STATES PATENT OFFICE.

## TIFFANY & COMPANY, OF NEW YORK, N. Y.

## TRADE-MARK FOR JEWELRY AND WATCHES.

STATEMENT and DECLARATION of Trade-Mark No. 23,573, registered September 5, 1893.

Application filed July 29, 1893.

### STATEMENT.

*To all whom it may concern:*

Be it known that the TIFFANY & COMPANY, a corporation organized under the laws of the State of New York, and located at New York, in the county of New York and State of New York, and doing business at Union Square, in said city, has adopted for its use a Trade-Mark for Jewelry and Watches, of which the following is a full, clear, and exact specification.

The trade mark of said corporation consists of the words "Tiffany & Co." These have generally been arranged as shown in the accompanying fac simile, in which they appear in plain capital letters, arranged in a curved line; but the character of the type and arrangement of the words are unimportant, as the words may be arranged in fancy or ornamental characters without materially altering the character of the trade mark, the essential feature of which is the words "TIFFANY & CO."

This trade mark has been used continuously in business by said corporation for about twenty-five years last past, or since the incorporation of said company in 1868.

The class of merchandise to which this trade mark is appropriated is gold, silver, and other ornamental ware, and the particular description of goods comprised in such class is jewelry and watches.

It has been the practice to engrave or stamp the trade mark on the goods, or to have it cut, engraved, or stamped on a tablet attached to the packing box, or to have it printed, stenciled, or otherwise applied to the packages in which the goods are sold, stored, or packed for shipment.

TIFFANY & CO.,
By C. L. TIFFANY,
*Presdt.*

Witnesses:
ANDREW J. BARRET,
W. E. DAMON.

### DECLARATION.

State of New York county of New York, ss.

C. L. TIFFANY being duly sworn deposes and says that he is the president of the corporation the applicant named in the foregoing statement; that he does verily believe that the foregoing statement is true; that said applicant at this time has a right to the use of the trade-mark therein described; that no other person, firm, or corporation has the right to such use, either in the identical form or in any such near resemblance thereto as might be calculated to deceive; that it is used by said corporation in commerce between the United States and foreign nations and particularly with Great Britain and that the description and fac-similes presented for record truly represent the trade-mark sought to be registered.

C. L. TIFFANY.

Sworn to and subscribed before me this 27th day of July, 1893.

[L. S.]     ANDREW J. BARRET,
*Notary Public*, (199,) *N. Y. Co.*

Re-renewed, September 5, 1943 to Tiffany & Company, New York, N. Y.



# Trademark Assignment Abstract of Title

**Total Assignments: 6**

**Serial #:** 70023573    **Filing Dt:** 07/29/1893    **Reg #:** 0023573    **Reg. Dt:** 09/05/1893

**Registrant:** Tiffany & Company

**Mark:** TIFFANY & CO.

## Assignment: 1

**Reel/Frame:** 0497/0773    **Received:**    **Recorded:** 05/13/1985    **Mailed:** NONE    **Pages:** 21

**Conveyance:** AS SECURITY FOR OBLIGATIONS RECITED, ASSIGNOR HEREBY GRANTS A SECURITY INTEREST UNDER SAID MARK, SUBJECT TO AGREEMENT RECITED (SEE RECORD)

**Assignor:** TIFFANY AND COMPANY
**DBA/AKA/TA:** AKA TIFFANY & COMPANY AND TIFFANY & CO.

**Exec Dt:** 05/08/1985
**Entity Type:** UNKNOWN
**Citizenship:** NONE

**Assignee:** ARABIAN INVESTMENT BANKING CORPORATION (INVESTCORP) SERVICES, N.V.
9WEST 57TH ST.
NEW YORK, NEW YORK 10019

**Entity Type:** CORPORATION
**Citizenship:** NETHERLANDS ANTILLES

**Correspondent:** CUSHMAN, DARBY, ET AL.
8TH FLOOR
1801 K ST., N.W.
WASHINGTON, DC 20006

## Assignment: 2

**Reel/Frame:** 0497/0794    **Received:**    **Recorded:** 05/13/1985    **Mailed:** NONE    **Pages:** 21

**Conveyance:** AS SECURITY FOR OBLIGATIONS RECITED, ASSIGNOR HEREBY GRANTS A SECURITY INTEREST UNDER SAID MARK SUBJECT TO AGREEMENT RECITED, (SEE RECORD FOR DETAILS)

**Assignor:** TIFFANY AND COMPANY
**DBA/AKA/TA:** AKA TIFFANY & COMPANY AND TIFFANY & CO.

**Exec Dt:** 05/08/1985
**Entity Type:** UNKNOWN
**Citizenship:** NONE

**Assignee:** GENERAL ELECTRIC CREDIT CORPORATION
2777 SUMMER ST.
STAMFORD, CONNECTICUT 06905

**Entity Type:** CORPORATION
**Citizenship:** NEW YORK

**Correspondent:** CUSHMAN, DARBY, ET AL.
8TH FLOOR
1801 K ST, N.W.
WASHINGTON, DC 20006

## Assignment: 3

**Reel/Frame:** 0575/0301   **Received:**      **Recorded:** 05/22/1987      **Mailed:** NONE   **Pages:** 17

**Conveyance:** SECURITY INTEREST

**Assignor:**                                          **Exec Dt:** 05/13/1987

GENERAL ELECTRIC CREDIT CORPORATION      **Entity Type:** CORPORATION

**Citizenship:** NEW YORK

**Assignee:** TIFFANY AND COMPANY

727 FIFTH AVENUE                                      **Entity Type:** CORPORATION

NEW YORK, NEW YORK 10022                  **Citizenship:** NEW YORK

**Correspondent:** TIFFANY & CO.

FIFTH AVENUE & 57TH STREET

NEW YORK, NY 10022

## Assignment: 4

**Reel/Frame:** 0772/0319   **Received:**      **Recorded:** 11/09/1990      **Mailed:** 04/24/1991   **Pages:** 17

**Conveyance:** SECURITY INTEREST

**Assignor:**                                          **Exec Dt:** 11/08/1990

ROBERTSON - CECO CORPORATION          **Entity Type:** CORPORATION

**Citizenship:** DELAWARE

**Assignee:** WELLS FARGO BANK, N. A.

9TH FLOOR                                                **Entity Type:** A NATIONAL BANKING ASSOCIATION

333 SOUTH GRAND AVENUE              **Citizenship:** NONE

LOS ANGELES, CALIFORNIA
90071

**Correspondent:** SHEPPARD, MULLIN, RICHTER & HAMPTON

FORTH - EIGHTH FLOOR

333 SOUTH HOPE STREET

LOS ANGELES, CA 90071

## Assignment: 5

**Reel/Frame:** 0857/0891   **Received:**      **Recorded:** 03/06/1992      **Mailed:** 05/20/1992   **Pages:** 8

**Conveyance:** MODIFICATION TO COLLATERAL ASSIGNMENT TO MODIFY AGREEMENT DATED 11-08-90 (SEE RECORD FOR DETAILS)

**Assignor:**                                          **Exec Dt:** 01/31/1992

ROBERTSON-CECO CORPORATION          **Entity Type:** CORPORATION

**Citizenship:** DELAWARE

**Assignee:** WELLS FARGO BANK **Entity Type:** A NATIONAL BANKING ASSOCIATION, AS AGENT

N.A.                                       **Citizenship:** NONE

**Correspondent:** GIBSON, DUNN & CRUTCHER

ONE MONTGOMERY STREET

TELESIS TOWER

SAN FRANCISCO, CALIFORNIA 94104-4505

## Assignment: 6

**Reel/Frame:** <u>2153/0923</u> **Received:** 11/30/2000  **Recorded:** 10/12/1999  **Mailed:** 12/05/2000 **Pages:** 6

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:**  **Exec Dt:** 09/01/1999

<u>TIFFANY AND COMPANY</u>  **Entity Type:** CORPORATION
**Citizenship:** NEW YORK

**Assignee:** <u>TIFFANY (NJ) INC.</u>  **Entity Type:** CORPORATION
727 FIFTH AVENUE  **Citizenship:** NEW JERSEY
NEW YORK, NEW YORK 10022

**Correspondent:** DORSEY & WHITNEY LLP
PATRICIA RUSSELL BROWN
1001 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20004

Search Results as of: 6/9/2004 12:42:45 P.M.

If you have any comments or questions concerning the data displayed, contact OPR / Assignments at 703-308-9723
Web interface last modified: Oct. 5, 2002



RENEWED

SEP 5 1943

RENEWED

# UNITED STATES PATENT OFFICE.

## TIFFANY & COMPANY, OF NEW YORK, N. Y.

## TRADE-MARK FOR JEWELRY AND WATCHES.

**STATEMENT** and **DECLARATION** of Trade-Mark No. 23,573, registered September 5, 1893.

Application filed July 29, 1893.

### STATEMENT.

*To all whom it may concern:*

Be it known that the TIFFANY & COMPANY, a corporation organized under the laws of the State of New York, and located at New York, 5 in the county of New York and State of New York, and doing business at Union Square, in said city, has adopted for its use a Trade-Mark for Jewelry and Watches, of which the following is a full, clear, and exact specifica- 10 tion.

The trade mark of said corporation consists of the words "Tiffany & Co." These have generally been arranged as shown in the accompanying fac simile, in which they appear 15 in plain capital letters, arranged in a curved line; but the character of the type and arrangement of the words are unimportant, as the words may be arranged in fancy or ornamental characters without materially alter- 20 ing the character of the trade mark, the essential feature of which is the words "TIFFANY & CO."

This trade mark has been used continuously in business by said corporation for about twenty-five years last past, or since the incor- 25 poration of said company in 1868.

The class of merchandise to which this trade mark is appropriated is gold, silver, and other ornamental ware, and the particular description of goods comprised in such class is jew- 30 elry and watches.

It has been the practice to engrave or stamp the trade mark on the goods, or to have it cut, engraved, or stamped on a tablet attached to the packing box, or to have it printed, sten- 35 ciled, or otherwise applied to the packages in which the goods are sold, stored, or packed for shipment.

TIFFANY & CO.,
By C. L. TIFFANY,
*Presdt.*

Witnesses:
ANDREW J. BARRET,
W. E. DAMON.

### DECLARATION.

State of New York county of New York, ss.

C. L. TIFFANY being duly sworn deposes and says that he is the president of the corporation the applicant named in the foregoing 5 statement; that he does verily believe that the foregoing statement is true; that said applicant at this time has a right to the use of the trade-mark therein described; that no other person, firm, or corporation has the right to 10 such use, either in the identical form or in any such near resemblance thereto as might be calculated to deceive; that it is used by said corporation in commerce between the United States and foreign nations and particularly with Great Britain and that the description 15 and fac-similes presented for record truly represent the trade-mark sought to be registered.

C. L. TIFFANY.

Sworn to and subscribed before me this 27th day of July, 1893.

[L. S.]  ANDREW J. BARRET,
*Notary Public,* (199,) *N. Y. Co.*

Re-renewed, September 5, 1943 to Tiffany & Company, New York, N. Y.

# UNITED STATES PATENT OFFICE.

TIFFANY & COMPANY, OF NEW YORK, N. Y.

**TRADE-MARK FOR JEWELRY FOR PERSONAL WEAR, NOT INCLUDING WATCHES; PRECIOUS STONES, AND FLAT AND HOLLOW WARE MADE OF OR PLATED WITH PRECIOUS METAL.**

**133,063.**          **Registered July 6, 1920.**

Application filed January 9, 1920. Serial No. 126,975.

## STATEMENT.

*To all whom it may concern:*

Be it known that TIFFANY & COMPANY, a corporation duly organized under the laws of the State of New York, and located in the borough of Manhattan, city, county, and State of New York, has adopted and used the trade-mark shown in the accompanying drawing, for jewelry for personal wear, not including watches; precious stones, and flat and hollow ware made of or plated with precious metal, in Class 28, Jewelry and precious-metal ware.

The trademark has been continuously used in the business of said corporation since 1868. The trademark is applied and affixed to the goods by stamping it directly upon the goods, by applying it to packages containing the goods and otherwise.

The applicant is the present owner of the following trademarks registered for the same class of merchandise: No. 23572 granted to Tiffany & Company on September 5, 1893; No. 23573 granted to Tiffany & Company on September 5, 1893, No. 58872 granted to Tiffany & Company on December 25, 1906.

TIFFANY & COMPANY,
By I. C. MOORE,
*President.*

## TIFFANY

## DECLARATION.

State of New York, county of New York, ss:

I. C. MOORE, being duly sworn, deposes and says:

That he is the president of the corporation, the applicant named in the foregoing statement; that he believes the foregoing statement is true; that he believes said corporation is the owner of the trademark sought to be registered; that no other person, firm, corporation or association, to the best of his knowledge and belief, has the right to use said trademark in the United States either in the identical form or in any such near resemblance thereto as might be calculated to deceive; that said trademark is used by said corporation in commerce among the several States of the United States and particularly between New York and New Jersey; that the description and drawing presented truly represent the trademark sought to be registered, and that the fac-similes show the trademark as actually used upon the goods, and that the mark has been in actual use as a trademark of the applicant for ten years next preceding February 20, 1905, and that to the best of his knowledge and belief, such use has been exclusive.

I. C. MOORE.

Subscribed and sworn to before me a notary public this 6th day of January, 1920.

[L. S.]      CHAS. J. AHERN,
*Notary Public.*

It is hereby certified that the name of the officer of the corporation signing the statement and declaration of Certificate of Registration No. 133,063, registered July 6, 1920, upon the application of Tiffany & Company, of New York, N. Y., for a "Trade-Mark for Jewelry for Personal Wear, Not Including Watches, Precious Stones, and Flat and Hollow Ware Made of or Plated with Precious Metal," was erroneously given as I. C. Moore, whereas said name should have been given as *J. C. Moore;* and that the said Certificate should be read with this correction therein that the same may conform to the record of the case in the Patent Office.

Signed and sealed this 10th day of August, A. D., 1920.

[SEAL.]                                     M. H. COULSTON,

Int. Cls.: 3, 8, 14, 16, 18, 21, 25 and 35

Prior U.S. Cls.: 1, 2, 3, 4, 5, 6, 13, 22, 23, 27, 28, 29, 30, 33, 37, 38, 39, 40, 41, 44, 50, 51, 52, 100, 101 and 102

Reg. No. 2,359,351

**United States Patent and Trademark Office**      Registered June 20, 2000

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER



TIFFANY AND COMPANY (NEW YORK CORPORA-
TION)
727 FIFTH AVENUE
NEW YORK, NY 10022

FOR: FRAGRANCE PRODUCTS, NAMELY, PER-
FUME, COLOGNE, TOILET WATER, TOILET SOAP,
BABY POWDER, BODY CREAM, BATH GEL,
SHOWER GEL, BODY LOTION AND PERSONAL DE-
ODORANT, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51
AND 52).

FIRST USE 0–0–1987; IN COMMERCE 0–0–1987.
FOR: TABLEWARE, NAMELY, KNIVES, FORKS
AND SPOONS; POCKET KNIVES, SCISSORS, AND
RAZORS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.
FOR: JEWELRY; WATCHES AND CLOCKS; PRE-
CIOUS AND SEMI-PRECIOUS STONES; DECORA-
TIVE ART OBJECTS MADE IN WHOLE OR IN PART
OF PRECIOUS METALS AND THEIR ALLOYS,
NAMELY, FIGURINES, BOXES AND TROPHIES;
NATURAL AND CULTURED PEARLS; METAL

WARES MADE IN WHOLE OR IN PART OF PRECIOUS METALS AND THEIR ALLOYS, NAMELY, CANDELABRAS, CANDLESTICKS, CIGAR AND CIGARETTE BOXES AND ASHTRAYS; BOWLS, SERVING TRAYS, TUMBLERS, PITCHERS, CORKSCREWS, CUPS, PORRINGERS, TOOTHPICKS AND PERFUME FLASKS SOLD EMPTY, ALL MADE IN WHOLE OR IN PART OF PRECIOUS METALS AND THEIR ALLOYS; BAR ACCESSORIES MADE OF PRECIOUS METALS AND THEIR ALLOYS, NAMELY, COASTERS; CLOTHING ACCESSORIES MADE OF PRECIOUS METALS AND THEIR ALLOYS, NAMELY, MONEY CLIPS, CUFFLINKS, KEY HOLDERS, KEY RINGS, COLLAR CLIPS, COLLAR PINS, COLLAR STAYS, TIE BARS, TIE TACKS, TIE SLIDES, BELT BUCKLES, AND SHIRT STUDS; PILL BOXES AND PIN BOXES MADE OF OR PLATED WITH PRECIOUS METALS AND THEIR ALLOYS; BABY RATTLES, GOLF CLUBS, AND PLACE MARKERS FOR GOLF BALLS MADE IN WHOLE OR IN PART OF PRECIOUS METALS AND THEIR ALLOYS; PICTURE CALENDAR AND PHOTOGRAPH FRAMES MADE IN WHOLE OR IN PART OF PRECIOUS METALS AND THEIR ALLOYS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: STATIONERY; DIARIES, CALENDARS, PERSONAL ORGANIZERS, DRAWING RULERS, BOOKMARKS, WRITING INSTRUMENTS AND PLAYING CARDS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: LEATHER GOODS, NAMELY, PURSES, HANDBAGS, WALLETS, CREDIT CARD CASES AND KEY CASES, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: CRYSTAL GLASSES, BOWLS, VASES, CANDY AND JELLY JARS, CANDLESTICKS, SERVING PLATTERS, DECORATIVE BOXES, BUCKETS AND BASKETS; CHINA, PORCELAIN, AND EARTHENWARE DINNERWARE, BOWLS, SERVING PLATTERS, TEA AND COFFEE SETS, MUGS, VASES, CANDY AND JELLY JARS, CANDLESTICKS, BOXES AND BASKETS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: CLOTHING, NAMELY, NECKTIES, SCARVES AND BELTS , IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: RETAIL STORE AND MAIL ORDER CATALOG SERVICES FEATURING JEWELRY, WATCHES AND CLOCKS, GIFTWARE, DINNERWARE, FLATWARE, TABLE SERVICE PIECES, BABY GIFTS, DECORATIVE HOME FURNISHINGS, STATIONERY, WRITING INSTRUMENTS AND DESK ACCESSORIES, CLOTHING AND ACCESSORIES, TROPHIES AND MEDALS, SMOKERS' ACCESSORIES, WEATHER MONITORING ACCESSORIES, BAR ACCESSORIES, AND PERFUMERY, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

OWNER OF U.S. REG. NO. 2,184,128.

THE DRAWING IS LINED FOR THE COLOR BLUE, AND COLOR IS A FEATURE OF THE MARK.

THE MARK CONSISTS OF A SHADE OF BLUE OFTEN REFERRED TO AS ROBIN'S-EGG BLUE WHICH IS USED ON BOXES. THE MATTER SHOWN IN BROKEN LINES REPRESENTS BOXES OF VARIOUS SIZES AND SERVES TO SHOW POSITIONING OF THE MARK. NO CLAIM IS MADE TO SHAPE OF THE BOXES.

SEC. 2(F).

SER. NO. 75–544,375, FILED 8–24–1998.

TERESA M. RUPP, EXAMINING ATTORNEY

Int. Cls.: 3, 8, 14, 16, 18, 20, 21, 25, 28 and 35

Prior U.S. Cls.: 1, 2, 3, 4, 5, 6, 13, 22, 23, 25, 27, 28, 29, 30, 32, 33, 37, 38, 39, 40, 41, 44, 50, 51, 52, 100, 101 and 102

Reg. No. 2,184,128

## United States Patent and Trademark Office

Registered Aug. 25, 1998

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER



TIFFANY AND COMPANY (NEW YORK COR-
  PORATION)
727 FIFTH AVENUE
NEW YORK, NY 10022

FOR: FRAGRANCE PRODUCTS, NAMELY, PERFUME, COLOGNE, TOILET WATER, TOILET SOAP, BABY POWDER, BODY CREAM, BATH GEL, SHOWER GEL, BODY LOTION AND PERSONAL DEODORANT, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 0–0–1987; IN COMMERCE 0–0–1987.

FOR: TABLEWARE, NAMELY, KNIVES, FORKS AND SPOONS; POCKET KNIVES, SCIS-SORS, AND RAZORS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: JEWELRY, WATCHES AND CLOCKS, PRECIOUS AND SEMI-PRECIOUS STONES; DECORATIVE ART OBJECTS MADE IN

WHOLE OR IN PART OF PRECIOUS OR SEMI-PRECIOUS METALS, NAMELY, FIGURINES, BOXES, AND TROPHIES; NATURAL AND CULTURED PEARLS; METAL WARES MADE IN WHOLE OR IN PART OF PRECIOUS OR SEMI-PRECIOUS METALS, NAMELY, CANDE-LABRAS, CANDLESTICKS, CIGAR AND CIG-ARETTE BOXES AND ASHTRAYS; BAR AC-CESSORIES MADE OF PRECIOUS OR SEMI-PRECIOUS METALS, NAMELY, COASTERS; CLOTHING ACCESSORIES MADE OF PRE-CIOUS OR SEMI-PRECIOUS METALS, NAMELY, MONEY CLIPS, CUFFLINKS, KEY HOLDERS, KEY RINGS, COLLAR CLIPS, COLLAR PINS, COLLAR STAYS, TIE BARS, TIE TACKS, TIE SLIDES, BELT BUCKLES AND SHIRT STUDS; PILL BOXES AND PIN BOXES MADE OF OR PLATED WITH PRE-CIOUS OR SEMI-PRECIOUS METALS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: STATIONERY; DIARIES, CALENDARS, DRAWING RULERS, WRITING INSTRU-MENTS AND PLAYING CARDS, BOOK-MARKS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: LEATHER GOODS, NAMELY, PURSES, HANDBAGS, WALLETS, CREDIT CARD CASES, KEY CASES AND BRIEF CASE-TYPE PORTFOLIOS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: PICTURE, CALENDAR AND PHOTO-GRAPH FRAMES MADE IN WHOLE OR IN PART OF PRECIOUS OR SEMI-PRECIOUS METALS, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: BOWLS, SERVING TRAYS, TUM-BLERS, PITCHERS, CORKSCREWS, CUPS, PORRINGERS, TOOTHPICKS AND PERFUME FLASKS SOLD EMPTY ALL MADE IN WHOLE OR IN PART OF PRECIOUS OR SEMI-PRE-CIOUS METALS; CRYSTAL GLASSES, BOWLS, VASES, CANDY AND JELLY JARS, CANDLE-STICKS, SERVING PLATTERS, BOXES, BUCK-ETS AND BASKETS; CHINA, PORCELAIN AND EARTHENWARE DINNERWARE, BOWLS, SERVING PLATTERS, TEA AND COFFEE SETS, MUGS, VASES, CANDY AND JELLY JARS, CANDLESTICKS, BOXES AND BASKETS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: CLOTHING, NAMELY, NECKTIES, SCARVES AND BELTS , IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: BABY RATTLES AND PLACE MARK-ERS FOR GOLF BALLS MADE IN WHOLE OR IN PART OF PRECIOUS OR SEMI-PRECIOUS METALS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: RETAIL STORE AND MAIL ORDER CATALOG SERVICES FEATURING JEWELRY, WATCHES AND CLOCKS, GIFTWARE, DIN-NERWARE, FLATWARE, TABLE SERVICE PIECES, BABY GIFTS, DECORATIVE HOME FURNISHINGS, STATIONERY, WRITING IN-STRUMENTS AND DESK ACCESSORIES, CLOTHING AND ACCESSORIES, TROPHIES AND MEDALS, SMOKERS' ACCESSORIES, WEATHER MONITORING ACCESSORIES, BAR ACCESSORIES, AND PERFUMERY, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

THE DRAWING IS LINED FOR THE COLOR BLUE, AND COLOR IS A FEATURE OF THE MARK. THE DRAWING OF THE BOX IS OUT-LINED IN DOTTED LINES.

SEC. 2(F).

SER. NO. 75–360,201, FILED 9–19–1997.

H. M. FISHER, EXAMINING ATTORNEY

Int. Cls.: 3, 8, 14, 16, 18, 21, 25 and 35

Prior U.S. Cls.: 1, 2, 3, 4, 5, 6, 13, 22, 23, 27, 28, 29, 30, 33, 37, 38, 39, 40, 41, 44, 50, 51, 52, 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 2,416,795
Registered Jan. 2, 2001

# TRADEMARK
# SERVICE MARK
### PRINCIPAL REGISTER



TIFFANY AND COMPANY (NEW YORK CORPORATION)
727 FIFTH AVENUE
NEW YORK, NY 10022

FOR: FRAGRANCE PRODUCTS, NAMELY, PERFUME, COLOGNE, TOILET WATER, TOILET SOAP, BABY POWDER, BODY CREAM, BATH GEL, SHOWER GEL, BODY LOTION AND PERSONAL DEODORANT, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 0–0–1987; IN COMMERCE 0–0–1987.

FOR: TABLEWARE, NAMELY, KNIVES, FORKS AND SPOONS; POCKET KNIVES, SCISSORS, AND RAZORS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: JEWELRY; WATCHES AND CLOCKS; PRECIOUS AND SEMI-PRECIOUS STONES; DECORATIVE ART OBJECTS MADE IN WHOLE OR IN PART OF PRECIOUS METALS AND THEIR ALLOYS, NAMELY, FIGURINES, BOXES AND TROPHIES; NATURAL AND CULTURED PEARLS; METAL

WARES MADE IN WHOLE OR IN PART OF PRECIOUS METALS, AND THEIR ALLOYS, NAMELY, CANDELABRAS, CANDLESTICKS, CIGAR AND CIGARETTE BOXES AND ASHTRAYS; BOWLS, SERVING TRAYS, TUMBLERS, PITCHERS, CORKSCREWS, CUPS, PORRINGERS, TOOTHPICKS AND PERFUME FLASKS SOLD EMPTY, ALL MADE IN WHOLE OR IN PART OF PRECIOUS METALS AND THEIR ALLOYS; BAR ACCESSORIES MADE OF PRECIOUS METALS AND THEIR ALLOYS, NAMELY, COASTERS; CLOTHING ACCESSORIES MADE OF PRECIOUS METALS AND THEIR ALLOYS, NAMELY, MONEY CLIPS, CUFFLINKS, KEY HOLDERS, KEY RINGS, COLLAR CLIPS, COLLAR PINS, COLLAR STAYS, TIE BARS, TIE TACKS, TIE SLIDES, BELT BUCKLES, AND SHIRT STUDS; PILL BOXES AND PIN BOXES MADE OF OR PLATED WITH PRECIOUS METALS AND THEIR ALLOYS; BABY RATTLES, GOLF CLUBS, AND PLACE MARKERS FOR GOLF BALLS MADE IN WHOLE OR IN PART OF PRECIOUS METALS AND THEIR ALLOYS; PICTURE, CALENDAR AND PHOTOGRAPH FRAMES MADE IN WHOLE OR IN PART OF PRECIOUS METALS AND THEIR ALLOYS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.
FOR: STATIONERY; DIARIES, CALENDARS, PERSONAL ORGANIZERS, DRAWING RULERS, BOOKMARKS, WRITING INSTRUMENTS AND PLAYING CARDS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.
FOR: LEATHER GOODS, NAMELY, PURSES, HANDBAGS, WALLETS, CREDIT CARD CASES, AND KEY CASES, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.
FOR: CRYSTAL GLASSES, BOWLS, VASES, CANDY AND JELLY JARS, CANDLESTICKS, SERVING PLATTERS, DECORATIVE BOXES, BUCKETS AND BASKETS; CHINA, PORCELAIN, AND EARTHENWARE DINNERWARE, BOWLS, SERVING PLATTERS, TEA AND COFFEE SETS, MUGS, VASES, CANDY AND JELLY JARS, CANDLESTICKS, BOXES AND BASKETS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.
FOR: CLOTHING, NAMELY, NECKTIES, SCARVES AND BELTS , IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.
FOR: RETAIL STORE AND MAIL ORDER CATALOG SERVICES FEATURING JEWELRY, WATCHES AND CLOCKS, GIFTWARE, DINNERWARE, FLATWARE, TABLE SERVICE PIECES, BABY GIFTS, DECORATIVE HOME FURNISHINGS, STATIONERY, WRITING INSTRUMENTS AND DESK ACCESSORIES, CLOTHING AND ACCESSORIES, TROPHIES AND MEDALS, SMOKERS' ACCESSORIES, WEATHER MONITORING ACCESSORIES, BAR ACCESSORIES, AND PERFUMERY, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.
OWNER OF U.S. REG. NO. 2,184,128.
THE DRAWING IS LINED FOR THE COLOR BLUE, AND COLOR IS A FEATURE OF THE MARK.
THE MARK CONSISTS OF A SHADE OF BLUE OFTEN REFERRED TO AS ROBIN'S-EGG BLUE WHICH IS USED ON BAGS. THE MATTER SHOWN IN BROKEN LINES REPRESENTS BAGS OF VARIOUS SIZES AND SERVES TO SHOW POSITIONING OF THE MARK. NO CLAIM IS MADE TO SHAPE OF THE BAGS.

SEC. 2(F).

SER. NO. 75–541,599, FILED 8–24–1998.

TERESA M. RUPP, EXAMINING ATTORNEY

Reg. No. 2,416,795

# United States Patent and Trademark Office

Registered Jan. 2, 2001

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER



TIFFANY AND COMPANY (NEW YORK CORPORA-
TION)
727 FIFTH AVENUE
NEW YORK, NY 10022

FOR: FRAGRANCE PRODUCTS, NAMELY, PER-
FUME, COLOGNE, TOILET WATER, TOILET SOAP,
BABY POWDER, BODY CREAM, BATH GEL,
SHOWER GEL, BODY LOTION AND PERSONAL DE-
ODORANT, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51
AND 52).

FIRST USE 0–0–1987; IN COMMERCE 0–0–1987.

FOR: TABLEWARE, NAMELY, KNIVES, FORKS
AND SPOONS; POCKET KNIVES, SCISSORS, AND
RAZORS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: JEWELRY; WATCHES AND CLOCKS; PRE-
CIOUS AND SEMI-PRECIOUS STONES; DECORA-
TIVE ART OBJECTS MADE IN WHOLE OR IN PART
OF PRECIOUS METALS AND THEIR ALLOYS,
NAMELY, FIGURINES, BOXES AND TROPHIES;
NATURAL AND CULTURED PEARLS; METAL

WARES MADE IN WHOLE OR IN PART OF PRECIOUS METALS, AND THEIR ALLOYS, NAMELY, CANDELABRAS, CANDLESTICKS, CIGAR AND CIGARETTE BOXES AND ASHTRAYS; BOWLS, SERVING TRAYS, TUMBLERS, PITCHERS, CORKSCREWS, CUPS, PORRINGERS, TOOTHPICKS AND PERFUME FLASKS SOLD EMPTY, ALL MADE IN WHOLE OR IN PART OF PRECIOUS METALS AND THEIR ALLOYS; BAR ACCESSORIES MADE OF PRECIOUS METALS AND THEIR ALLOYS, NAMELY, COASTERS; CLOTHING ACCESSORIES MADE OF PRECIOUS METALS AND THEIR ALLOYS, NAMELY, MONEY CLIPS, CUFFLINKS, KEY HOLDERS, KEY RINGS, COLLAR CLIPS, COLLAR PINS, COLLAR STAYS, TIE BARS, TIE TACKS, TIE SLIDES, BELT BUCKLES, AND SHIRT STUDS; PILL BOXES AND PIN BOXES MADE OF OR PLATED WITH PRECIOUS METALS AND THEIR ALLOYS; BABY RATTLES, GOLF CLUBS, AND PLACE MARKERS FOR GOLF BALLS MADE IN WHOLE OR IN PART OF PRECIOUS METALS AND THEIR ALLOYS; PICTURE, CALENDAR AND PHOTOGRAPH FRAMES MADE IN WHOLE OR IN PART OF PRECIOUS METALS AND THEIR ALLOYS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: STATIONERY; DIARIES, CALENDARS, PERSONAL ORGANIZERS, DRAWING RULERS, BOOKMARKS, WRITING INSTRUMENTS AND PLAYING CARDS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: LEATHER GOODS, NAMELY, PURSES, HANDBAGS, WALLETS, CREDIT CARD CASES, AND KEY CASES, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: CRYSTAL GLASSES, BOWLS, VASES, CANDY AND JELLY JARS, CANDLESTICKS, SERVING PLATTERS, DECORATIVE BOXES, BUCKETS AND BASKETS; CHINA, PORCELAIN, AND EARTHENWARE DINNERWARE, BOWLS, SERVING PLATTERS, TEA AND COFFEE SETS, MUGS, VASES, CANDY AND JELLY JARS, CANDLESTICKS, BOXES AND BASKETS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: CLOTHING, NAMELY, NECKTIES, SCARVES AND BELTS , IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

FOR: RETAIL STORE AND MAIL ORDER CATALOG SERVICES FEATURING JEWELRY, WATCHES AND CLOCKS, GIFTWARE, DINNERWARE, FLATWARE, TABLE SERVICE PIECES, BABY GIFTS, DECORATIVE HOME FURNISHINGS, STATIONERY, WRITING INSTRUMENTS AND DESK ACCESSORIES, CLOTHING AND ACCESSORIES, TROPHIES AND MEDALS, SMOKERS' ACCESSORIES, WEATHER MONITORING ACCESSORIES, BAR ACCESSORIES, AND PERFUMERY, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 0–0–1939; IN COMMERCE 0–0–1939.

OWNER OF U.S. REG. NO. 2,184,128.

THE DRAWING IS LINED FOR THE COLOR BLUE, AND COLOR IS A FEATURE OF THE MARK.

THE MARK CONSISTS OF A SHADE OF BLUE OFTEN REFERRED TO AS ROBIN'S-EGG BLUE WHICH IS USED ON BAGS. THE MATTER SHOWN IN BROKEN LINES REPRESENTS BAGS OF VARIOUS SIZES AND SERVES TO SHOW POSITIONING OF THE MARK. NO CLAIM IS MADE TO SHAPE OF THE BAGS.

SEC. 2(F).

SER. NO. 75–541,599, FILED 8–24–1998.

TERESA M. RUPP, EXAMINING ATTORNEY