

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel  + 1 212 819 8200
Fax + 1 212 354 8113
www.whitecase.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/12/11

Direct Dial + 212-819-8408      dhealy@whitecase.com

August 3, 2011

**MEMO ENDORSED**

HAND DELIVERY

Honorable William H. Pauley III
United States District Judge
Daniel Partick Moynihan United States Courthouse
500 Pearl Street – Room 2210
New York, New York 10007

RECEIVED
AUG 4 2011
CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

Re:   Tiffany (NJ) LLC, et al. v. Qi Andrew, et al., 10 civ. 9471 (WHP) (SDNY) ("Tiffany I");
      Tiffany (NJ) LLC, et al. v. Alice Dong, et al., 11 civ. 2183 (GBD) (SDNY) ("Tiffany II");
      Tiffany (NJ) LLC, et al. v. Bruce Forbse, et al., 11 civ. 4976 (NRB) (SDNY) ("Tiffany III")

Dear Judge Pauley:

We represent non-party China Merchants Bank ("CMB") in connection with the above-referenced matters. We are writing pursuant to Rule 1.6 of the Local Rules of the United States District Courts for the Southern and Eastern District of New York ("Rule 1.6") and Rule 13 of the Rules for the Division of Business among District Judges in the Southern District ("Rule 13") to address three currently pending cases, the most recent of which was filed on July 20, 2011.

All three cases were brought by the same plaintiffs ("Tiffany"), asserting nearly identical trademark claims against alleged trademark infringers. All involve efforts to obtain discovery from, and restrain assets of defendants allegedly held in bank accounts at, nonparty banks headquartered in China. In addition to CMB, those banks include Bank of China ("BOC") and Industrial and Commercial Bank of China ("ICBC," and with CMB and BOC, the "Banks"). As noted below, the actions raise a number of identical issues and the interests of judicial economy and efficiency as well as the convenience of the parties and non-party Banks will be served by assigning these cases to a single judge.[1]

---

[1]  The firm representing Tiffany has also filed actions on behalf of other high-end retailers asserting nearly identical claims that raise the same issues present in the cases brought by Tiffany. See, e.g., Gucci America, Inc., et al. v. Weixing Li, et al., No. 2010 Civ. 4974 (RJS) (S.D.N.Y.); Gucci America, Inc., et al. v. Bagsmerchant, LLC, et al., No. 2010 Civ. 2911 (DAB) (JCF) (S.D.N.Y.).

ABU DHABI  ALMATY  ANKARA  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUCHAREST  BUDAPEST  DOHA  DÜSSELDORF  FRANKFURT
GENEVA  HAMBURG  HELSINKI  HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MEXICO CITY  MIAMI  MOSCOW  MUNICH
NEW YORK  PALO ALTO  PARIS  PRAGUE  RIYADH  SÃO PAULO  SHANGHAI  SINGAPORE  STOCKHOLM  TOKYO  WARSAW  WASHINGTON, DC

NEWYORK 8224349 v5 (2K)

Honorable William H. Pauley III

WHITE & CASE

August 3, 2011

In all three actions, Tiffany alleges that defendants based largely outside of the United States infringed on Tiffany's trademarks by offering for sale on websites available to U.S. consumers "counterfeit" goods that allegedly bore the trademark Tiffany name. With the exception of the names of the defendants and the websites used by the defendants, the complaints in all three actions set forth largely the same allegations, assert the same legal theories, seek essentially the same relief, and are otherwise nearly identical. In the first two cases it appears that the defendants have failed to appear, and no appearances have yet been filed on behalf of defendants in the third action. Judgment has not been entered in any of the actions.

In all three actions, Tiffany has served the Banks with temporary restraining orders and/or preliminary injunctions containing asset restraint and discovery provisions, which Tiffany contends reach assets and information in China, and in Tiffany I and Tiffany II, the Banks also have been served with subpoenas seeking information about assets of the defendants in China. The temporary restraining orders issued in all three actions and subpoenas issued in the first two actions brought by Tiffany contain substantially similar provisions.

The Banks contest Tiffany's right to obtain discovery relating to accounts in China on the ground that the Banks are prohibited by Chinese law from disclosing information about bank accounts located in China unless instructed to do so by a Chinese authority, and have argued that Tiffany should proceed by resort to the Hague Convention on Taking Evidence Abroad, to which China is a signatory.[2] In Tiffany I, pending before Your Honor, that issue has been fully briefed and argued, and Magistrate Judge Pitman, to whom Your Honor referred the issue, recently issued a lengthy (51 page) opinion *denying* Tiffany's motion to compel discovery from the Banks and directing Tiffany to proceed under the Hague Convention. See Tiffany (NJ) et al. v. Qi Andrew et al., 10 Civ. 9471 (WHP)(HBP), D.E. No. 38 (July 25, 2011). As Magistrate Judge Pitman's Opinion and Order makes clear, the issue in Tiffany I involves important questions regarding the extraterritorial reach of U.S. and New York law and raises significant questions of international comity. There has not yet been motion practice on these issues with respect to the Banks in the other two actions, but those cases raise the exact same questions.

In filing Tiffany II and III, Tiffany's counsel did not designate the earlier filed actions as related cases. Pursuing three separate actions before three different judges, which actions make the same claims, seek the same forms of relief and raise identical issues will undoubtedly result in needless duplication of effort by judges in this district, and with respect to the Banks is both burdensome and abusive. The vice in such actions is highlighted by Tiffany's actions in Tiffany III. At the time it filed that action, the discovery motion addressed to the Banks in Tiffany I had been fully briefed and argued before Magistrate Judge Pitman. Yet Tiffany applied for and obtained an ex parte temporary restraining order which includes language directing third party banks who receive notice of the order to produce designated categories of documents. On July 26, the day after Magistrate-Judge Pitman denied Tiffany such relief in Tiffany I and ordered

---

[2] The Banks also challenge the effectiveness of pre-judgment restraints to reach accounts located abroad given the fact that the Banks would violate Chinese law to give effect to such restraints and in light of New York's longstanding separate entity rule applicable to bank branches, under which a pre-judgment restraint reaches only assets held at the New York branch and not branches of the same bank in other jurisdictions. See Allied Maritime, Inc. v. Descatrade SA, 620 F.3d 70 (2d Cir. 2010).

NEWYORK 8224349 v5 (2K)

Honorable William H. Pauley III

**WHITE & CASE**

August 3, 2011

Tiffany to use the Hague Convention, Tiffany's counsel served the Banks in Tiffany III with the TRO and a letter demanding "expedited discovery" of records "located in the United States or abroad."

These cases should be treated as related cases under Rule 1.6 and Rule 13 in the interests of conserving judicial resources, efficiently conducting litigation, and avoiding unnecessary duplication of judicial effort. This also will avoid undue burden on the Banks, who are effectively witnesses in these actions. Accordingly, CMB requests that under Rule 13(d), which indicates that related cases should be transferred to the judge with the lowest docket number, the three Tiffany cases be transferred and assigned to Your Honor.

Respectfully submitted,

Dwight A. Healy

DAH:kk

cc:  The Hon. George B. Daniels (via Hand Delivery)
     The Hon. Naomi Reice Buchwald (via Hand Delivery)
     Robert Weigel, Esq., Gibson Dunn & Crutcher (via e-mail and U.S. Mail)
     Lanier Saperstein, Esq., Allen & Overy, LLP (via e-mail and U.S. Mail)

Application Denied.

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
8/9/11