# ALLEN & OVERY

BY ECF & BY HAND DELIVERY

The Honorable Naomi Reice Buchwald
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Allen & Overy LLP
1221 Avenue of the Americas
New York  NY  10020

Tel             212 610 6300
Fax            212 610 6399
Direct line   212 756 1151
andrew.rhys.davies@allenovery.com

June 18, 2015

Re:   Tiffany (NJ) LLC, et al. v. Bruce Forbse, et al.,
         No. 11 Civ. 4976 (NRB)

Dear Judge Buchwald:

We represent non-parties Bank of China and Industrial and Commercial Bank of China (the "Banks"). This letter is submitted subject to the Banks' jurisdictional objections to draw to the Court's attention a recent opinion and order issued by the Honorable Katherine Polk Failla in *Tiffany* (*NJ*) *LLC, et al. v. Qi Andrew*, *et al*., No. 10 Civ. 9471 (KPF) ("*Qi Andrew*"), which bears on plaintiffs' ("Tiffany") pending motion for a default judgment in the case before this Court (ECF Nos. 83-85).  A copy of Judge Failla's opinion and order is enclosed as Exhibit A to this letter.

In *Qi Andrew*, Tiffany moved for entry of a default judgment, a copy of which is attached as Exhibit B to this letter.  Like the proposed default judgment filed in the case before this Court (ECF No. 83-1), in *Qi Andrew*, Tiffany sought a perpetual, post-judgment, worldwide asset freezing injunction, and asked the Court to retain jurisdiction for the purpose of future motions to hold defendants' "Asset Holders" in contempt of such injunction.  *Compare* ECF No. 83-1 (Proposed Judgment in *Forbse*) ¶¶ 1(i), 10-11, 13, *with* Ex. B. (Proposed Judgment in *Qi Andrew*) ¶¶ 1(j), 11-12, 14.  In an apparent attempt to justify such relief, in *Qi Andrew* as in the case before this Court, Tiffany purported to seek an accounting of profits, but in actuality asked the Court to award large statutory damages "as a proxy for Defendants' profits."  *Compare* ECF No. 83-1 (Proposed Judgment in *Forbse*) ¶ 8, *with* Ex. B (Proposed Judgment in *Qi Andrew*) ¶ 8.

Judge Failla rejected both of the above-referenced provisions of Tiffany's proposed default judgment.  First, Judge Failla held that when an absence of proof makes it difficult to conduct an accounting, the appropriate remedy is statutory damages, which, under the Lanham Act, are awarded "instead of," not in addition to, nor as a "proxy for," an accounting of profits.  Ex. A. at 15-25.  Second, Judge Failla

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is authorized and regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practise in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AD and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Athens, Bangkok, Barcelona, Beijing, Belfast, Bratislava, Brussels, Bucharest (associated office), Budapest, Casablanca, Doha, Dubai, Düsseldorf, Frankfurt, Hamburg, Hanoi, Ho Chi Minh City, Hong Kong, Istanbul, Jakarta (associated office), Johannesburg, London, Luxembourg, Madrid, Mannheim, Milan, Moscow, Munich, New York, Paris, Perth, Prague, Riyadh (associated office), Rome, São Paulo, Shanghai, Singapore, Sydney, Tokyo, Toronto, Warsaw, Washington, D.C. and Yangon.

held that there was no basis for Tiffany's requested post-judgment asset restraint. *Id*. at 25-29. Judge Failla directed Tiffany to revise its proposed judgment to conform with her opinion. *Id*. at 30. Having rejected these unwarranted provisions, Judge Failla found it unnecessary to address the Banks' jurisdictional objections, *i.e.*, in essence, that those provisions represented an inappropriate attempt to contrive personal jurisdiction over the Banks. *Id*. at 29.

For the reasons stated by Judge Failla, there is no basis for the perpetual, post-judgment, worldwide asset restraint sought by Tiffany in the case before this Court, nor for the purported award of an accounting of profits. In this case as in *Qi Andrew*, therefore, and subject to the Banks' jurisdictional objections, Tiffany should be ordered to excise those unwarranted provisions from the proposed default judgment.

Non-party China Merchants Bank joins in this letter, also subject to its jurisdictional objections.

Respectfully submitted,

/s/ Andrew Rhys Davies

**Andrew Rhys Davies**

Encl.

Copy (via email, with enclosures):

Robert L. Weigel, Esq. (counsel for plaintiffs)
Paul Carberry, Esq. (counsel for non-party China Merchants Bank)