# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Robert L. Weigel
Direct: 212.351.3845
Fax: 212.351.5236
RWeigel@gibsondunn.com

Client: 91172-00097

July 1, 2015

VIA ECF AND HAND DELIVERY

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2270
New York, New York 10007
(212) 805-0194

Re: Tiffany (NJ) LLC, et al. v. Bruce Forbse, et al., No. 2011 Civ. 4976 (NRB)

Dear Judge Buchwald:

We represent Plaintiffs Tiffany (NJ) LLC and Tiffany and Company. We write to respond to the non-party Banks' June 18 letter (ECF 87), and to update the Court on the judgment that the Court actually issued in the case that the Banks rely on, *Tiffany (NJ) LLC v. Qi Andrew*, No. 10 Civ. 9471 (S.D.N.Y. June 23, 2015) (attached as Exhibit A). In sum, the Banks have not appeared in this action, and they still fail to identify any basis to contest Plaintiffs' proposed judgment, which simply maintains the relief expressly upheld by the Second Circuit. Moreover, even if this Court were to give weight to the Banks' arguments, in the end, Judge Failla entered a judgment that ***granted*** Plaintiffs' request for a continuing asset restraint on Defendants post-judgment as a matter of state law.

Here, the proposed default judgment (ECF 83-1) is substantively similar to the default judgment recently adopted by Judge Daniels, which extended the existing prejudgment asset restraint as a matter of equity, *see* Default Judgment ¶¶ 8-11, *Tiffany (NJ) LLC v. Dong*, No. 11-cv-2183 (S.D.N.Y. Oct. 27, 2014). Neither Judge Daniels nor Judge Failla permitted the counterfeiters to avoid the impact of the prejudgment asset restraint expressly authorized by the Second Circuit in this case. Both judgments restrain the counterfeiters' assets post-judgment—one using this Court's inherent equitable powers and the other using Section 5222 of the New York Civil Practice Law and Rules ("CPLR") as incorporated by Fed. R. Civ. P. 69.

The *Dong* court properly rebuffed the same objections the Banks raise here because the Banks lacked standing to oppose the proposed default judgment. Ex. B at 15:11-14 (the order "is not an order against the bank[s]" and contains "no language ... that orders the bank[s] to do anything,"); *see also Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1521 (11th Cir. 1987); *TD Bank v. Cent. Nat'l Bank & Trust Co.*, 753 F.2d 66, 69 (8th Cir. 1985); *NML Capital, Ltd. v. Republic of Arg.*, 727 F.3d 230, 242 n.10 (2d Cir. 2013) ("Impact and legal rights are not the same thing."). Accordingly, Judge Daniels adopted the proposed judgment. This Court can and should do the same. *See Meyers v. Moody*, 723 F.2d 388, 389 (5th Cir. 1984) (per curiam); *West Hills Farms, LLC v. ClassicStar, LLC*, 2013 WL 4515046, at *1

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Hong Kong • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**GIBSON DUNN**

(E.D. Ky. Aug., 23, 2013); *see also Perfect Fit Indus., Inc. v. Acme Quilting Co., Inc.*, 646 F.2d 800, 806 (2d Cir. 1981) ("State law does not govern the scope of the equity powers of the federal court.").

But if the Court chooses to consider the Banks' arguments, as a substantive matter, *Qi Andrew* offers no basis for rejecting the Default Judgment proposed here. Judge Failla incorrectly relied on *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), to conclude that federal law provides no basis for a post-judgment restraint. *See* ECF 87-1 at 25-30. *Grupo Mexicano* was concerned solely with a federal court's right to issue a *pre*judgment asset freeze. *See* 527 U.S. at 325; *see also id.* at 317 (observing that "Petitioners d[id] not contest the District Court's power to issue *a permanent injunction after rendering a money judgment* against them" (emphasis added)). For *post*-judgment restraints, the Second Circuit has repeatedly affirmed a district court's equitable authority to aid enforcement of a judgment against a recalcitrant judgment debtor. *See NML Capital, Ltd. v. Republic of Arg.*, 699 F.3d 246, 250, 254-56 (2d Cir. 2012); *Pashaian v. Eccelston Props., Ltd.*, 88 F.3d 77, 87 (2d Cir. 1996). The judgment ultimately entered in *Qi Andrew* relies both on New York's CPLR and inherent equitable power. *See* Ex. A at ¶ 11 ("In accordance with Rule 69 of the Federal Rules of Civil Procedure and Section 5222 of New York State's Civil Practice Law and Rules ("CPLR"), and this Court's inherent equitable power . . . Defendants are forbidden to make or suffer any sale, assignment, transfer or interference with any property.").

In addition, Judge Failla's imposition of statutory damages instead of an accounting ultimately did not affect either the size of the judgment or the ability of the Court to effectuate its judgment through a post-judgment asset freeze.[1] The only reason Plaintiffs have not been able to obtain an accounting from the counterfeiters is their willful decision to ignore court orders to produce documents. Such contemptuous behavior did not allow the counterfeiters to defeat the prejudgment asset restraint in *Qi Andrew*. Defendants cannot defeat an asset restraint that was expressly authorized by the Second Circuit, *see Gucci Am. Inc. v. Bank of China*, 768 F.3d 122, 130 (2d Cir. 2014), by disobeying this Court's orders to produce documents. Furthermore, reliance on state law also creates a practical problem

---

[1] Judge Failla found that Plaintiffs "*must* choose whether to make the statutory damages election authorized by Section 1117(c)" (*id.* (emphasis added)), although the text of Section 1117(c) itself provides that "the plaintiff *may* elect ... an award of statutory damages," 15 U.S.C. § 1117(c); *see also Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 436 (S.D.N.Y. 2012) (noting "[t]he option to elect statutory damages" (emphasis added)). If no election is made, under the Lanham Act, "[a] plaintiff is entitled, under the 'principles of equity,' to recover the profits a defendant gained from its violation of the Act...." *Schlotzsky's, Ltd. v. Sterling Purchasing & Nat'l Distrib. Co., Inc.*, 520 F.3d 393, 401 (5th Cir. 2008) (emphasis added) (quoting 15 U.S.C. § 1117(a)).

because of differences in state and federal law.[2] This is precisely why the *Dong* court's approach is the appropriate one.

Regardless, even though Judge Failla concluded that trademark plaintiffs must rely on state law for post-judgment remedies, the *Qi Andrew* court *still awarded a post*-judgment asset restraint based on CPLR 5222, to prevent Defendants from disposing of their assets upon entry of final judgment. *See* Ex. A ¶ 11. Under New York law, it is beyond dispute that a judgment debtor subject to the Court's personal jurisdiction can be ordered to bring assets from anywhere in the world to New York to satisfy the Court's judgment. *See* CPLR 5222; CPLR 5225; *Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V.*, 41 A.D.3d 25, 31, 39-40 (1st Dep't 2007) (ordering the judgment debtor to bring assets from Indonesia to New York). And once it has been determined that the defendant is liable to the plaintiff, there is no question that a federal court sitting in New York has the power through New York's CPLR to restrain that defendant's assets. *See, e.g., EM Ltd. v. Republic of Arg.*, 131 F. App'x 745, 746 (2d Cir. 2005) (summary order); *see also Interpool Ltd. v. Patterson*, No. 89 Civ. 8501 (LAK), 1995 WL 105284, at *1 (S.D.N.Y. Mar. 13, 1995). CPLR 5222 is applicable here by operation of Fed. R. Civ. P. 69. *See Blue v. Cablevision Sys., N.Y. City Corp.*, No. 00-3836, 2007 WL 1989258, at *2 n.1 (E.D.N.Y. July 5, 2007). That provision permits issuance of a restraining notice against the judgment debtor that prohibits disposition or transfer of property "until the judgment ... is satisfied." CPLR 5222(b); *see also Dawson v. Krolikowski*, 530 N.Y.S.2d 931, 935 (Sup. Ct. 1988). Consequently, this Court may readily maintain the asset freeze in "accord with the procedure of [New York]," Fed. R. Civ. P. 69(a)(1); *see also Thomas, Head & Greisen Emps. Trust v. Buster*, 95 F.3d 1449, 1452 (9th Cir. 1996) (Rule 69's requirements met where procedure followed "accorded with the spirit of the Rules and was a sufficiently close adherence to state procedures" (alterations and ellipses omitted)).

For these reasons, Plaintiffs respectfully request that the Court enter the proposed default judgment in this case as written. Alternatively, we respectfully request that the Court include in the default judgment a continuing asset restraint under New York procedural law and Fed. R. Civ. P. 69.

---

[2] Under the CPLR, a successful plaintiff can serve a CPLR 5222 restraining notice on the judgment debtor immediately after entry of judgment, effectively continuing any prejudgment restraint. *See Dawson v. Krolikowski*, 530 N.Y.S.2d 931, 935 (Sup. Ct. 1988); *see also* David D. Siegel, *New York Practice* § 485 (5th ed. updated 2015) (same). But federal procedure imposes an automatic 14-day stay of enforcement. *See* Fed. R. Civ. P. 62(a). Entering final judgment without continuing the existing asset restraint could give counterfeiters whose assets are properly restrained prejudgment a 14-day window in which to conceal and dissipate their assets merely by defaulting and refusing to produce documents. The law does not mandate this result. Further, while the 14-day automatic stay is intended to "permit[] the party against whom judgment has been entered to determine what course of action to follow," 11 Charles Alan Wright et al., *Federal Practice & Procedure* § 2902 (3d ed. updated 2015), Defendants have refused to participate in this action for years and should not be given additional opportunities now.

**GIBSON DUNN**

Respectfully Submitted,

Robert L. Weigel

cc: Paul B. Carberry, Esq. (counsel for China Merchants Bank)
    Andrew Rhys Davies, Esq. (counsel for Bank of China and Industrial and Commercial Bank of China)